**People of the State of Illinois, Plaintiff-Appellee, v. John W. Young, III, Defendant-Appellant.**

Gen. No. 70–4.

Third District.

June 24, 1970.

John Lewarne, of Rock Island, for appellant.

James N. DeWulf, State's Attorney of Rock Island County, of Rock Island, for appellee.

STOUDER, J.

In September, 1968, Defendant-Appellant, John W. Young, III, entered his plea of guilty to the offense of theft of property worth more than $150. On March 21, 1969, the Circuit Court of Rock Island County granted defendant probation for a period of five years. In July, 1969, a petition for revocation of defendant's probation was filed and thereafter, a supplemental petition was filed in August. Pursuant to the supplemental petition, defendant's probation was revoked on September 29, 1969, and he was sentenced to a term of from 2 to 10 years in the penitentiary. It is from such probation revocation and sentence that defendant has appealed.

The supplemental petition in its first three paragraphs alleged the execution and issuance of three separate checks on separate dates. Each check was drawn on the Citizens Bank and Trust Company of Park Ridge, Illinois, and "was not honored because the account was closed." Paragraphs four and five of the supplemental petition alleged that defendant failed to make restitution as required by a condition of his probation.

Defendant moved to dismiss the various paragraphs of the supplemental petition. Motion was granted as to the portions of the petition relating to failure to make restitution, but was denied as to the portions of the petition relating to the dishonored checks.

In support of its petition the State presented the testimony of an Ozark Airline ticket salesman who identified the defendant as the person who had given him the first of the checks described in the petition payable to Ozark Airlines in return for a ticket. Defendant objected to the testimony of the ticket salesman in the trial court and has renewed such objection in this court, the objection being that the testimony should have been excluded because the identification was the result of unduly suggestive pretrial identification procedures. The check to Ozark Airlines was admitted into evidence as were the other two checks described in the petition. No evidence was introduced concerning identification of the party delivering the other two checks. The assistant cashier of the drawee bank testified concerning the account with his bank.

Based on the testimony of the two witnesses and the documentary exhibits, the trial court concluded that defendant had violated the terms of his probation and sentenced him to the penitentiary. A post-trial motion alleging several errors in the proceeding was filed and denied.

Defendant has made several assignments of error in this court but the only one which we believe it necessary to consider relates to the insufficiency of the evidence to prove that defendant committed a criminal offense. Although the petition for revocation of probation does not so state, there is little doubt that the criminal offense alleged to have been committed by defendant was that of deceptive practices. The gist of the offense as disclosed by the petition is that defendant executed and delivered his check to the Ozark Airline ticket salesman knowing that his account with the Citizens Trust and Savings Bank of Park Ridge had been closed.

The testimony of the assistant cashier of the drawee bank was introduced to prove that defendant's account had been closed and that the defendant either knew or should have known of such fact. The assistant cashier testified that an account in the name of a John W. Young was opened by mail on April 22, 1969, in the Citizens Bank and Trust Company of Park Ridge, Illinois. Three checks were deposited to the account but each of the checks was returned "NSF" (not sufficient funds) and on May 12, 1969, the account was closed. Defendant objected to the testimony of this witness on the ground that it was hearsay. The objection was overruled, the court concluding that it was based on a business record.

Whether such testimony was hearsay or not is, we believe, immaterial since the testimony, even if completely accepted as true, fails to support the gist of the State's claim. The State's position with respect to the witness' testimony is clearly set forth in the following statement from its brief, "Plaintiff contends that surely Mr. Gibbs, present in court with the records of the Citizens Bank pertaining to their customer, John Young, could competently testify to the fact that the defendant had no money in his account with Citizens Bank because that

bank could never clear defendant's deposit checks." According to the State, this witness was competent to prove and his testimony did prove, first, that defendant's account in the bank had been closed and second, that defendant knew of such fact. However, there is nothing in the testimony of the witness from which such facts may be inferred. The assistant cashier testified that he did not know the depositor who had opened the account. If he did not know the depositor, it follows that the assistant cashier could not know whether the defendant was such depositor and, in fact, the assistant cashier did not testify that the defendant was the depositor. Furthermore, even though the assistant cashier testified that according to the records the account was closed on May 12, 1969, he gave no testimony to the effect that anyone was ever notified that the account was closed. Indeed, it does not even appear that the address listed on the account was that of the defendant.

On the basis of such testimony, there is nothing in the record from which it may be inferred that defendant had an account in the Citizens Bank which he knew had been closed.

A defendant granted probation is entitled to have the question of the violation of the terms of probation determined in accord with generally accepted legal principles. People v. Price, 24 Ill App2d 364, 164 NE2d 528. Since the result of probation revocation may be deprivation of liberty, the determination that defendant has violated a condition of his probation cannot rest on suspicion or speculation. People v. Dwyer, 57 Ill App2d 343, 206 NE2d 113. The State having failed to present any evidence regarding an essential element of its case, we are required to hold that defendant has not been shown to have committed a criminal offense in violation of the terms of his probation.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is reversed and the sentence vacated.

Judgment reversed and sentence vacated.

RYAN, P. J. and ALLOY, J., concur.