The People of the State of Illinois, Plaintiff-Appellee, *v.* Solomon Thornton, Jr., Defendant-Appellant.

(No. 71-124;

Fifth District—March 14, 1972.

Paul Bradley, of Defender Project, of Mount Vernon, and L. R. Weeks, Senior Law Student, of Urbana, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Upon his plea of guilty, the defendant was convicted of theft of three television sets, having a value in excess of $150, and was placed on probation for two years. Subsequently, the State's Attorney submitted a Petition to Revoke Probation, alleging that the defendant failed to serve any weekends in the county jail, that he failed to pay any costs, that he was arrested at 3:00 A.M., four hours after his curfew, for No Driver's License, Speeding, Disobeying a Stop Sign, and Attempted to Elude Police Officers, and that he was charged and fined by a police

magistrate. A hearing was set and the Circuit Judge, the State's Attorney, the defendant, and his appointed counsel were present.

After obtaining the defendant's consent to have the judge try the matter, the judge questioned the defendant, who had not been sworn. He elicited the facts surrounding the traffic offenses and the curfew violation. The State's Attorney then questioned the defendant about the same offenses. The defendant stated that he had pleaded guilty to all charges. The court then revoked the probation, and told the defendant he would like to hear evidence in mitigation. The defendant was then sworn and testified in mitigation with reference to the theft.

The court's order provided that: "(W)hereupon the court hears statements from the defendant, who admits the truth of the allegations of said Petition to Revoke Probation, and therefore the Court revokes defendant's probation". No further reasons were given. The Court then sentenced the defendant to a term of not less than two years, nor more than ten years.

■■ The defendant argues initially on this appeal from the trial court's revocation of probation that there was not sufficient evidence to support a violation of probation. In an extremely well reasoned and often cited case, *People v. Price* (1960), 24 Ill.App.2d 364, 164 N.E.2d 528, the court discussed at length the procedural requirements for a probation hearing, noting at 533, that: "What our courts have held is that a defendant in every case where probation has been granted is entitled to a conscientious judicial determination according to accepted and well recognized procedural methods upon the question whether the conditions imposed upon the defendant when he was admitted to probation have been violated".

In *People v. Dotson,* 111 Ill.App.2d 306, 250 N.E.2d 174, we reviewed the guidelines for the revocation procedure:

"(1) The defendant must be notified of the alleged violations of his probation; (2) The defendant must be given an opportunity to defend against, and to refute, the alleged violations; (3) *The State, having the burden of proof, must prove the alleged violations by the preponderance of the evidence by competent evidence;* (4) A conscientious judicial determination must be made according to accepted and well recognized procedural methods." (Emphasis added.) 250 N.E.2d 177.

The defendant cites *People v. Dwyer* (1965), 56 Ill.App.2d 154, 206 N.E.2d 113, for the principle that, on the question of whether a violation of probation has occurred, "nothing less than the most convincing proof on the issue of whether the defendant participated in such a crime, will satisfy the requirements of justice". In that case the court reversed a

898

revocation of probation because the evidence presented was insufficient.

In *People v. Hardnett* (1971), (Ill.App.2d), 270 N.E.2d 864, the Court affirmed the trial court's revocation of probation and summarized the procedural requirements by stating, at 866, "the defendant is entitled to a conscientious judicial determination by a preponderance of the evidence under orderly procedural methods".

The applicable statute, Ill. Rev. Stat., ch. 38, par. 117—3, provides that the court conduct a hearing and that: "At the hearing the State shall have the burden of proving the violation".

The question on this appeal was discussed somewhat in two recent cases. In *People v. Killion* (1969), 113 Ill.App.2d 461, 251 N.E.2d 411, the defendant urged that there was insufficient competent evidence to support the revocation of his probation. The defendant testified upon interrogation by his counsel that he had pled guilty to disorderly conduct. The Court rejected the contention, holding, at 412: "Since there is an admission in open court of the violation of law which is charged, it is unnecessary to examine the arguments upon the sufficiency of the authenticated record of such conviction". There appears to have been evidence introduced, however, and the defendant's statement would appear to be sworn.

■■ *People v. Tempel* (1971), (Ill.App.2d), 268 N.E.2d 875, the court affirmed the revocation of probation, where the defense counsel stated to the court, in the presence of the defendant, that the "defendant admits he has violated the terms and conditions of his probation in the manner as set forth in that report (of violation of probation). The court found the admission to constitute an evidentiary stipulation. The court stated, at 878: "Stipulations by counsel as to matters of fact within the scope of professional functions bind their clients as judicial admissions and constitute competent evidence". The court also emphasized, however, that the procedure for determining a factual basis for a guilty plea, Supreme Court Rule 402(c), should be followed to "have the record reflect that there is a factual basis for such admission". Here appellant has in effect personally stipulated that he violated his probation, and recited sufficient facts to serve as a factual basis for his admission. We therefore affirm the order of revocation.

■■ We have reviewed the entire record with reference to appellant's contention that the sentence of two to ten years is excessive in this case. Defendant was 17 years old at the time of the theft and the revocation, and had dropped out of school upon completion of the eighth grade. He resided with his mother in a family of eight in which the father had not been present for nine years. He had been steadily employed for the past two years. Other than a traffic offense he had no prior record. The

rehabilitative benefits of his forced exposure to hardened criminals is of dubious value. The defendant's maximum sentence was the maximum permissible under law. We commend to the trial court the American Bar Association Standards relating to Sentencing Alternatives and Procedures, Sec. 2.2 wherein it is stated:

"The sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant."

We therefore reduce the sentence imposed by the trial court to a minimum of one year and a maximum of three years.

Judgment affirmed, sentence modified.

G. MORAN, P. J., and CREBS, J., concur.