(No. 43904.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT E. PIER, Appellant.

*Opinion filed March 21, 1972.*

JOHN F. McNICHOLS, District Defender, Illinois Defender Project, of Springfield (J. DANIEL STEWART, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BASIL G. GREANIAS, State's Attorney, of Decatur (FRED G. LEACH, Assistant Attorney General, and RONALD L. CARPEL, Assistant State's Attorney, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Macon County which dismissed the defendant's post-conviction petition without an evidentiary hearing.

Defendant, Robert E. Pier, was convicted of burglary and placed on probation. Later he was charged with violating his probation, and a hearing was held on the charge. At the hearing the defendant admitted his violation of the probation order and was sentenced to the penitentiary for a period of from 2 to 15 years.

In his post-conviction petition the defendant contends that his admission of the violation of probation was induced by an unfulfilled promise by the State's Attorney to recommend a different sentence than that imposed. Attached to the defendant's petition is an affidavit by the public defender who represented the defendant at the probation revocation hearing. The public defender in his affidavit states that the State's Attorney represented to him that upon an admission of the probation violation by the defendant the State's Attorney would recommend a sentence of from 1 to 10 years. At the probation revocation hearing the defendant made the admission of the violation of his probation. However, the judge did not ask the State's Attorney for a recommendation as to the penalty to be imposed, and the State's Attorney did not make the recommendation which he told defendant's attorney he would make.

The State contends on this appeal that the Post-Conviction Hearing Act (Ill.Rev.Stat. 1969, ch. 38, par. 122–1 *et seq.*) does not apply to the review of probation revocation hearings. Section 122–1 of the Code of Criminal Procedure of 1963 (Ill.Rev.Stat. 1969, ch. 38, par. 122–1), as amended, provides: "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his *conviction* there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article. ***" (Emphasis supplied)

It is the State's position that since the proceedings here under review were not involved in the defendant's conviction but related to matters occurring subsequent thereto, any irregularities involved in the probation revoca-

tion hearing cannot be considered in a proceeding under the Post-Conviction Hearing Act.

The Criminal Code has not limited the meaning of the term "conviction" to this extent. Section 2—5 of the Criminal Code (Ill.Rev.Stat. 1969, ch. 38, par. 2—5) defines conviction as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." Section 102—3 of the Code of Criminal Procedure of 1963 (Ill.Rev.Stat. 1969, ch. 38, par. 102—3) adopts this definition for purposes of the Code of Criminal Procedure (Ill.Rev.Stat. 1969, ch. 38, par. 100—1 *et seq.)* "except when a particular context in this Code clearly requires a different meaning." Nothing in the Code of Criminal Procedure relating to a post-conviction hearing (Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.)* indicates that a different meaning be given to the word "conviction" than that given to this word in section 2—5. Under this definition a defendant may raise in a post-conviction petition issues of constitutional dimension that occurred not only in the proceeding which involved the determination of his guilt, but also those which arose in proceedings concerning the imposition of the sentence.

The Post-Conviction Hearing Act was designed to afford to the convicted an opportunity to inquire into the constitutional integrity of the proceedings in which the judgment was entered. *(People v. Dale (1950), 406 Ill. 238, 245.)* This court has liberally construed this statute to afford a convicted person an opportunity to present questions of deprivation of constitutional rights. *(People v. Scott (1969), 43 Ill.2d 135.)* In keeping with the purpose of the Act and the liberal construction which this court has given the same, the defendant in this case should have been given the opportunity to raise in a post-conviction hearing questions of constitutional dimension which occurred at a hearing to revoke his probation.

Plea bargaining is desirable in the administration of criminal justice. However, when a plea of guilty rests in any significant way upon a promise or agreement of a prosecutor so that the same can be said to be a part of the inducement or consideration, the promise must be fulfilled. A plea of guilty made in reliance on an unfulfilled promise is not voluntarily made by the defendant. *People v. Williams (1970), 47 Ill.2d 1; People v. Washington (1967), 38 Ill.2d 446; McKeag v. People, 7 Ill.2d 586;* see also *Brady v. United States (1970), 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463; Santobello v. New York (1971), U.S. , 30 L.Ed.2d 427, 92 S.Ct.*

Prior to January 1, 1964 (the effective date of the Code of Criminal Procedure), the statute provided that appeals from orders changing, modifying, or terminating probation shall be to the appellate court (Ill.Rev.Stat. 1963, ch. 38, par. 798). This statute has been construed as denying this court jurisdiction to review orders revoking probation even though constitutional issues may have been raised. *(People v. Gary (1963), 27 Ill.2d 362; People v. Kostaken (1957), 10 Ill.2d 549.)* The above statute was repealed effective January 1, 1964. The new Code of Criminal Procedure simply provides that the defendant may appeal from such an order without the limiting provisions of the prior statute. (Ill.Rev.Stat. 1969, ch. 38, par. 117—3(e).) After January 1, 1964, appeals from such orders continued to be taken to the appellate courts pursuant to the provisions of our former Rule 27 (Ill.Rev.Stat. 1965, ch. 110, par. 101.27) and our former Rule 603 (43 Ill.2d R. 603), and constitutional questions were decided by the appellate court in those appeals. It has therefore been the appellate courts of this State that have had the opportunity to consider constitutional issues involved in probation revocation proceedings. The consequences of a determination that the probation order has been violated are so serious that the appellate courts have surrounded the defendant at a revocation hearing with many of the same due-process safeguards that are accorded

to a defendant a a trial to determine his guilt. (See *People v. Price (1960), 24 Ill.App.2d 364; People v. Coffman (1967), 83 Ill.App.2d 272; People v. Arroyo (1969), 112 Ill.App.2d 480; People v. Young (1970), 125 Ill.App.2d 154.)* Since the results of a probation revocation may be a deprivation of liberty and, consequently, as serious as the original determination of guilt, we agree with the holdings of these cases that due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods. (See ABA Project On Standards For Criminal Justice, Standards Relating To Probation, Tentative Draft, 1970, Section 5.4 and 5.4(a).) He is not, however, entitled to a jury trial. *(People v. Temple (Ill.App. 1971), 268 N.E.2d 875.)* He is entitled to counsel. *(People v. Price; People v. Coffman; Mempa v. Rhay (1967), 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254.)* Justice demands that he also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition. If he does so in reliance upon an unfulfilled promise by the State's Attorney, then his confession or admission of the charge is not voluntary for the same reason that a plea of guilty entered in reliance upon an unfulfilled promise of the State's Attorney is not voluntary.

For these reasons we conclude that the post-conviction petition filed in this case properly charged the violation of the defendant's constitutional right cognizable under the provisions of the Post-Conviction Hearing Act, and the trial court erred in dismissing the same without an evidentiary hearing. The judgment is reversed and the cause remanded, with directions to conduct a hearing on the allegations of the petition.

*Reversed and remanded, with directions.*