The People of the State of Illinois, Plaintiff-Appellee, *v.* Larry Lee Bryan, Defendant-Appellant.

(No. 11578;

Fourth District—June 26, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Jon Baxter, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

On February 21, 1968, the defendant pleaded guilty to a charge of theft of over $150. The offense related to a transaction wherein the defendant accepted a stolen chain saw and sold it. This offense occurred in 1967. On March 14, 1968, upon his plea of guilty, the defendant was placed on probation for a period of two years.

On July 3, 1968, the defendant was convicted of deceptive practices in Effingham County, Illinois. This offense appears to have been committed on or before February 19, 1968, the date that the defendant was arrested on the theft charge. A statement in the record by counsel is to the effect that the Effingham County offense was a $5 overdraft. Defendant was fined $25 and ordered to pay costs in connection with that offense.

On July 11, 1968, a report of violation of probation was filed alleging that the defendant had violated the terms of his probation in that he was convicted of the deceptive practice charge in Effingham County and that he was fined as indicated. The alleged violation was that he violated a term of condition of probation being that he not violate the laws of the State of Illinois or any other jurisdiction. He was sentenced to 60 days in the county jail on July 25, 1968, in connection with the report of probation violation.

In connection with this 60-day sentence to the Macon County jail, we note that the probation order stated that the defendant "shall not *during the term of probation* violate any criminal law of the State of Illinois. * * *" (Emphasis supplied.) The offense said to constitute the violation preceded the probation order.

On March 13, 1970, another report of violation of probation was filed alleging a violation in that the defendant had not reported to the probation officer since November 7, 1969; that he left the State of Illinois without the consent of the court; and that he did not make payments of $10 per month on his court costs. On December 10, 1970, the defendant's probation was revoked.

At the time of that revocation proceeding, his counsel stated that the defendant "admits" that he violated the terms of his probation. The court inquired as to the recommendation of the State's Attorney. The State's Attorney recommended that probation be revoked and sentence imposed.

The People waived the right to present evidence in aggravation. Although no evidence was offered in mitigation, defendant's counsel made a statement indicating that the defendant had only four months to go on his probation when he left Illinois for the State of Missouri to find employment. He lived there for the entire time, was employed, and had committed no offense; further, that he turned himself in to Macon County authorities.

The court upon inquiry then ascertained that counsel had conferred as to the disposition during recess. The State's Attorney then recommended an indeterminate term of 1-8 years.

■■ Prior to accepting that which appeared to be a negotiated sentence, the court observed that the Effingham County violation "wasn't minimal" and seemed to indicate that the sentence as recommended or negotiated was too light, but adopted it and sentenced the defendant to a term of not less than 1 nor more than 8 years in the Illinois State Penitentiary. The defendant was in no way admonished throughout the entire proceeding. Such omission requires that this case be reversed and remanded. In

the case of *People v. Pier,* 51 Ill.2d 96, 281 N.E.2d 289, the Illinois Supreme Court discussed the procedural and the due process requirements with reference to probation revocation procedure and said:

"* * * Since the results of a probation revocation may be a deprivation of liberty and, consequently, as serious as the original determination of guilt, we agree with the holdings of these cases that due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods. * * * Justice demands that he also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition. * * *"

This court in *People v. Tempel,* 131 Ill.App.2d 955, 268 N.E.2d 875, stated:

"* * * Undoubtedly, it would be much preferred that the substance of the procedure set forth in Supreme Court Rule 402, Ill. Rev. Stat. 1969, ch. 110A, sec. 402, relating to pleas of guilty, be followed so as to ascertain from the defendant his personal admission and to have the record reflect that there is a factual basis for such admission."

■■ The deficiency as to admonition noted in this record requires a reversal and a remandment. In view of that, we need not consider the appellant's contention that the sentence imposed was excessive and under the circumstances constituted an abuse of discretion.

Although the case must be remanded, we note from the records of the Department of Corrections, Parole and Pardon Board, of which we will take judicial notice, that the defendant was paroled in October 1971 after serving his minimum sentence. The judgment and sentence of the circuit court of Macon County are reversed and this cause is remanded to that court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SMITH and SIMKINS, JJ., concur.