THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE WATKINS, Defendant-Appellant.

(No. 11830; )

Fourth District—April 30, 1973.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Following revocation of his probation, defendant was sentenced to one to five years upon a conviction of forgery. This Court reversed from the bench during oral argument.

The petition for revocation alleged that defendant failed to report to the probation officer and was absent from the State. The record discloses that at the hearing on revocation, defendant's appointed counsel stated:

"The defendant wishes to admit, Your Honor, to the violations as set forth in both of the reports of the probation officer."

The court then imposed sentence following a short statement in mitigation by counsel.

In *People v. Pier*, 51 Ill.2d 96, 281 N.E.2d 289, revocation of probation and imposition of sentence was founded only upon an admission of the violations alleged. In considering issues raised in post-conviction proceedings, the court said:

"Justice demands that he also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition."

The due process requirements pertaining to pleas of guilty are contained in Supreme Court Rule 402. Paragraph (e) of the Rule provides:

"Transcript Required. In cases in which the defendant is charged with a crime punishable by imprisonment in the penitentiary, the

proceedings required by this rule to be in open court shall be taken verbatim, transcribed, filed, and made a part of the common-law record."

This record fails to demonstrate that the requirements of *Pier* or of Rule 402(e) have been satisfied.

In *People v. Bryan*, 5 Ill.App.3d 1006, 284 N.E.2d 706, this Court reviewed revocation proceedings upon a record substantially identical to the record in the present case, and determined that the cause must be reversed and remanded for further proceedings.

By reason of the several authorities noted, the judgment and sentence of the Circuit Court are reversed and the cause is remanded for further proceedings consistent with the views stated. Clerk ordered to issue the mandate of this Court forthwith.

Reversed and remanded.

CRAVEN, P. J., and SIMKINS, J., concur.