THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM COLLINS, Defendant-Appellant.

(No. 58148;

First District (1st Division)—September 10, 1973.

James J. Doherty, Public Defender, of Chicago, (Susan K. Horn, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Sharon Grossman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE EGAN delivered the opinion of the court:

The defendant, William Collins, entered a plea of guilty to burglary on March 11, 1971, and was released on probation for five years on condition that he enroll in the Drug Abuse Program. On June 8, 1972, after a hearing, his probation was revoked and he was sentenced to three to five years in the penitentiary.

At the revocation hearing, Mel Williams, a probation officer who was the only witness for the State, testified that he kept a file on the defendant. He attempted to read the contents of a report which had been prepared by another probation officer. The defense objected to the introduction of such testimony as hearsay. The trial court overruled the objection, holding that hearsay is admissible at a probation revocation hearing. Williams read the report, which recited that in February of 1972 a warrant was issued for the defendant's arrest because he had failed to report to his probation officer. The defendant had been taken into custody over the Memorial Day weekend of 1972. The probation report also recited that the defendant's last report to his probation officer was on May 26, 1971, and that the defendant was admitted to Hines Hospital on May 26, 1971, and was discharged on June 3, 1971.

The defendant testified that in April or May of 1971, he was hit on the head by four or five youngsters. As a result of the blow, he started to have epileptic seizures. When asked by the court whether he had reported to his probation officer following a seizure and admission into the hospital in 1971, he answered that he had not and stated: "I didn't exactly forget, but I had forgotten, you know, about my probation reports * * *." On cross-examination he testified that he had been treated in 1971 by a Doctor Waserman at Cook County Hospital for liver disease and gastritis.

■■ The State apparently concedes that the report constituted hearsay. That being so, we agree with the defendant's contention that it should not have been admitted. A probation revocation may be proved only by competent evidence. (*People v. Dotson*, 111 Ill.App.2d 306, 310, 250 N.E.2d 174.) The error, however, became moot when he took the stand and admitted his failure to report. In *People v. Killion*, 113 Ill.App.2d 461, 251 N.E.2d 411, the defendant's probation was revoked because he had been guilty of disorderly conduct. At the revocation hearing the defendant testified in response to his lawyer's questions that he had entered a plea of guilty to the charge of disorderly conduct and that he was represented by counsel at the time. He contended on appeal that there was insufficient competent evidence to support the finding. The court said at page 462:

> "Since there is an admission in open court of the violation of law which is charged, it is unnecessary to examine the arguments upon the sufficiency of the authenticated record of such conviction."

See also *People v. Thornton*, 4 Ill.App.3d 896, 282 N.E.2d 276; *People v. Ward*, 4 Ill.App.3d 631, 281 N.E.2d 703.

In his reply brief the defendant advances, for the first time, the argument that the defendant's admission should not have been considered because the trial judge did not warn him of the consequences of his admission. In support of that argument he cites *People v. Pier*, 51 Ill.2d 96, 281 N.E.2d 289, and *People v. Watkins*, 10 Ill.App.3d 875, 295 N.E.2d 546. While we have the right to ignore this new argument (Ill. Rev. Stat. 1971, ch. 110A, par. 341(g), in view of the unsettled law on this question we deem it appropriate to address ourselves to it. In *Pier*, the defendant admitted at the revocation hearing that he had violated the probation order. He alleged in a post-conviction petition that his admission at the revocation hearing was induced by a promise from the State's Attorney. The Illinois Supreme Court held at page 100:

> "Justice demands that he also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty *when he waives his right to a judicial determination of the charge*

*that he violated his probation and confesses or admits the charges of the revocation petition.* If he does so in reliance upon an unfulfilled promise by the State's Attorney, then his confession or admission of the charge is not voluntary for the same reason that a plea of guilty entered in reliance upon an unfulfilled promise of the State's Attorney is not voluntary." (Emphasis added.)

In the *Watkins* case, the Appellate Court, Fourth District, interpreted that language to mean that, where a defendant in a probation revocation hearing admits his guilt, Supreme Court Rule 402 must be complied with, citing *People v. Bryan,* 5 Ill.App.3d 1006, 284 N.E.2d 706.

In *Bryan,* at the time of the revocation proceeding the attorney for the defendant told the court that the defendant "admits" that he violated the terms of his probation. The Appellate Court, Fourth District, reversed the judgment and sentence because the defendant had not been admonished pursuant to Supreme Court Rule 402. This holding is directly contrary to *People v. Evans* (2d Dist.), 3 Ill.App.3d 435, 278 N.E.2d 401. The *Evans* case was decided before *Pier* and expressly held that Supreme Court Rule 402 is not applicable in proceedings for revocation of probation.

■■ Whether Supreme Court Rule 402 has been imposed on revocation hearings by *Pier* is problematical, but, even if it has, the argument of the defendant here is untenable. He did not, as in *Pier, Watkins,* and *Bryan,* "waive his right to a judicial determination of the charge" but, to the contrary, vigorously contested the issue. The trial judge could not foresee the testimony of the defendant. We, therefore, conclude that the trial judge was not required to admonish him.

■■ The defendant further contends that the trial judge should have, on his own motion, ordered a mental and physical examination of the defendant. It is within the sound discretion of the trial judge to decide whether the facts raised a bona fide doubt of the defendant's mental condition. (*People v. Korycki,* 45 Ill.2d 87, 256 N.E.2d 798.) The only evidence of ill-being was the uncorroborated testimony of the defendant that he had been beaten by some boys and afterwards suffered epileptic seizures. The State showed that he was treated at County Hospital for liver disease and gastritis. His testimony and colloquy with the trial judge display an acute awareness of the proceedings and their possible consequences. Under these circumstances we cannot say that the trial judge was required to order mental and physical examinations.

■■■ The defendant's offense is now classified as a Class 2 felony (Ill. Rev. Stat., (1972 Supp.), ch. 38, sec. 19—1(b)), and under the Unified Code of Corrections the minimum sentence may not be more than one third of the maximum (Ill. Rev. Stat., (1972 Supp.), ch. 38, sec. 1005—

450

8—1(c)(3)). We, therefore, reduce the sentence to a minimum of 20 months and a maximum of five years. The judgment of the circuit court is affirmed as modified.

Judgment affirmed as modified.

BURKE, P. J., and GOLDBERG, J., concur.