THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL LEWIS, Defendant-Appellant.

(No. 72-183; 

Third District—October 25, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

Jose M. Nunes, Assistant State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Michael Lewis appeals from a judgment of the Circuit Court of Will County revoking his probation and thereafter sentencing him to a term of two to five years in the Illinois State Penitentiary (on a charge of burglary to which he had previously pleaded guilty).

The record discloses that Michael Lewis was placed on four years

probation for burglary in Will County. After his flight to avoid arrest to the state of California, warrants for his arrest were sent to that state, but on September 17, 1971, he was arrested in Will County. A petition was filed to revoke his probation charging him with two counts of burglary. This petition was amended by a subsequent petition on October 22, 1971, charging him with two additional counts of burglary. On November 30, 1971, defendant admitted to the violation of probation specifically admitting the details of charges in two counts of burglary. The court was advised by the Public Defender who represented defendant, that defendant wishes to admit the violations of his probation with respect to Counts I and II. The court then interrogated the defendant as follows:

"THE COURT: All right. Mr. Lewis, you heard what your lawyer said?

MR. LEWIS: Yes, sir.

THE COURT: And do you admit the violating in Count I which says you burglarized the residence of LaVerne Shure and Esther Shure at 1214 Highland Avenue?

MR. LEWIS: Yes, sir.

THE COURT: And the petition says that in Count II you burglarized a garage building of James Policandriote at 308 Railroad Street, City of Joliet, Will County, Illinois. And do you admit that violation?

MR. LEWIS: Yes, sir, I do.

THE COURT: And has your lawyer explained to you that by admitting the violation of the order of probation you make it possible for the Court to revoke probation and sentence you to the Penitentiary on the original charge?

MR. LEWIS: Yes, Your Honor.

THE COURT: You understand that?

MR. LEWIS: Yes, Your Honor.

THE COURT: You still want to admit Counts I and II?

MR. LEWIS: Yes, Your Honor.

THE COURT: All right. Let the record show that the defendant was advised of the consequences of his admission of guilt as to Counts I and II of the petition and the same was accepted by the Court."

As a consequence, defendant Lewis was found in violation of the order of probation as to Counts I and II. A further hearing was held on Counts III and IV of the petition at which time the court adjudged the defendant not guilty as to the additional charges. Following a hearing in aggravation and mitigation, the court took the cause under advisement and

thereafter terminated the probation order and sentenced defendant for the original burglary conviction to a term of not less than two years nor more than five years. Defendant's offer to admit his guilt as to Counts I and II came 60 days after the petition for revocation of probation had been filed. Defendant was represented by counsel throughout.

It is now contended on appeal that (1) the trial court failed to sufficiently admonish defendant prior to acceptance of his admission to the charge constituting a violation of his probation and that he was thereby denied due process of law; (2) that defendant's sentence pursuant to the Unified Code of Corrections is excessive; and (3) that defendant should be given credit against his term of imprisonment for the time served on probation. It was disclosed that defendant is now at liberty on parole.

The appellant asserts that under the case of *People v. Pier*, 51 Ill.2d 96, 281 N.E.2d 289, the trial court was required to substantially follow Supreme Court Rule 402 in the probation revocation proceeding. The appellant quotes from the *Pier* case in 51 Ill.2d at 100, where the court says:

> "Justice demands that he also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition."

Appellant also cites *People v. Watkins*, 10 Ill.App.3d 875, 295 N.E.2d 546, where the appellate court, apparently relying on *People v. Pier*, found that the record failed to demonstrate that the requirements of such case or Rule 402 have been satisfied, and reversed and remanded a case involving a probation revocation.

Appellee contends that the case of *People v. Pier*, by its terms, should be limited to situations where a guilty plea to a criminal charge is entered in reliance on an unfulfilled promise by the State's Attorney, so that a guilty plea to a violation of the conditions of probation at a hearing to revoke probation, entered in reliance on such unfulfilled promise of the State's Attorney is not deemed voluntary. Similarly, appellee contends that *People v. Watkins*, referred to heretofore, improperly extended the language of *Pier* to interpret such language as requiring compliance with Supreme Court Rule 402 in revocation of probation proceedings. It is contended that the due process requirements which pertain to pleas of guilty referred to in *People v. Pier*, is dicta which should not be taken out of context and applied literally. It is argued specifically that the court did not intend to eliminate the distinction between a plea of guilty in a revocation proceeding and a plea of guilty to a criminal charge. The

*Pier* opinion, in fact, confirmed that a hearing on a probation violation does not require a jury trial (which is one of the required elements in the Rule 402 admonition). It is also pointed out that the degree of proof required to find a defendant guilty of a criminal charge is "beyond all reasonable doubt", whereas the degree of proof required to find a defendant in violation of probation is simply by a preponderance of the evidence (*People v. Henderson*, 2 Ill.App.3d 401, 276 N.E.2d 372). It is likewise apparent that there is no mention in Rule 402 that it applies to *admissions* to violations of probation. Rule 402 rather, is specifically designed to apply to *guilty pleas* to criminal charges. It is pointed out that the construction contended for by defendant in this case might lead to absurd results as, for example, that the trial court would be required to define the "offense" when probation was being revoked for probationer's failure to report to the probation officer. It is argued that such results, clearly, were never intended.

■■ While we have reviewed the respective contentions of the State we do not believe it is necessary for us to make such determination based upon the interpretation of the *Pier* case language. The remaining contention of the appellee on this issue, we believe, is properly asserted. It is pointed out that when the case at bar was decided, section 117—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 117—3) was the statute controlling. It is also asserted that there was no indication in the court's decision in *People v. Pier* that it should be given retroactive effect. A denial of retroactive application is consistent with the decisions of the United States Supreme Court. After holding, in *McCarthy v. United States* (1969), 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166, that when a guilty plea is accepted by a Federal District Judge in violation of Rule 11 of the Federal Rules of Criminal Procedures, defendant must be afforded an opportunity to plead anew, the Supreme Court held in *Halliday v. United States* (1969), 394 U.S. 831, 23 L.Ed.2d 16, 89 S.Ct. 1498, that the ruling in *McCarthy v. United States* was not applicable to pleas accepted prior to the date of the decision. In the case before us, the applicable standard as to probationer's admissions in probation revocation proceedings at the time of the revocation of defendant's probation, was that referred to in *People v. Dotson* (1969), 111 Ill.App.2d 306, 250 N.E.2d 174. The court in the case at bar complied with that standard which simply required that (1) a defendant must be notified of the alleged violations of his probation; (2) the defendant must be given an opportunity to defend against and to refute the alleged violations; (3) the State, having the burden of proof, must prove the alleged violations by a preponderance of the evidence by competent evidence; and (4) a conscientious judicial determination must

be made according to accepted and well recognized procedural methods. ██ It is clear that the trial court complied with these requirements in the instant case and was, in substantial compliance with Supreme Court Rule 402, if such rule was applicable. (See also *People v. Henderson* (1971), 2 Ill.App.3d 401, 276 N.E.2d 372.) The admissions in the present case were made despite repeated admonitions by the court when defendant insisted that he desired to admit his violations. Under the circumstances, without seeking in this proceeding to reject either the language in *People v. Pier* or *People v. Watkins*, it is apparent that the court acted properly in revoking the probation of defendant. As stated in *People v. Lee*, 5 Ill.App.3d 420, 425:

> "Probation itself is not a sentence. It is rather the extension of clemency and abstention from the imposition of sentence upon certain conditions. When these conditions are violated, the court in its discretion, may impose sentence or extend the probationary period. * * * Regardless of the plea of guilty and its merits, the court, acting in its discretion could have revoked defendant's probation for commission of the offense in connection with which the plea was entered."

We conclude that there is no basis for reversal by reason of an insufficient admonition prior to acceptance of defendant's admissions of his violation of probation.

● 3 The State confesses error as to the issue involved in defendant's sentence. Defendant contends that such sentence is excessive under the Unified Code of Corrections (Ill. Rev. Stat., 1973 Supp., ch. 38, par. 1005—8—1(c)). It is apparent that defendant would be entitled to the benefit of the application of section 5—8—1(c)(3) (par. 1005—8—1(c) (3)), which provides that the minimum sentence shall not exceed one third of the maximum. The sentence of the defendant, therefore, should be reduced to a minimum sentence of one year and eight months and a maximum of five years.

Defendant now also contends that defendant is entitled to a sentence credit on his sentence for the time served on probation prior to revocation from March 6, 1970 (the date defendant was placed on probation) to September 17, 1971 (the date of defendant's arrest pursuant to the revocation of his probation), with such time constituting a total of 195 days.

We have had occasion to consider this issue in our own case No. 72-267, *People v. Whitt* (1973), (Ill.App.3d), in which we concluded that the probation credit requested should be granted to defendant in view of the provisions of the Code of Corrections, section 5—6—4(h). See also *People v. Daugherty*, No. 12131, Fourth Dist. (Order entered July

19, 1973). This cause is, therefore, remanded to the Circuit Court of Will County with directions to modify the sentence herein so that the effective sentence as to defendant is for a minimum of one year and eight months and a maximum of five years, with directions also to credit defendant with 195 days, the time spent on probation. *Mittimus* should also be amended to reflect such modification. This cause is otherwise affirmed.

Affirmed as modified and remanded to the circuit court for further proceedings.

DIXON and SCOTT, JJ., concur.