THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM WOODRUFF, Defendant-Appellant.

Second District   No. 77-223

Opinion filed December 23, 1977.

Mary Robinson and Alan D. Goldberg, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

On June 16, 1976, defendant pleaded guilty to one count of disorderly conduct and one count of attempt theft over $150. He was ultimately sentenced to serve, on the attempt theft charge, 60 months probation with the condition of 24 months of periodic imprisonment on the work-release program. On August 16, 1976, a petition to revoke defendant's probation was filed. This petition alleged that defendant had failed to surrender to the sheriff pursuant to his sentence of periodic imprisonment and that on August 15, 1976, defendant had been stopped by Indiana police, thus placing himself in violation of his probation order. At a hearing held on August 26, 1976, defendant announced that he would admit to the allegations of the petition to revoke probation. At this hearing defendant's counsel indicated that the recommendation for sentence arrived at by discussions with the prosecuting attorney was for a sentence of from one to three years imprisonment. The trial court subsequently revoked defendant's probation and sentenced defendant to serve from one to three years.

On appeal defendant contends that he is entitled to reversal of the finding of probation violation and sentence thereon because his acknowledgment of the charges in the petition to revoke probation was premised upon his understanding, and the understanding of all parties to the transaction, including the court, that the crime of which he was initially convicted, attempt theft over $150, was a Class 3 felony when in fact it was a Class 4 felony. The People do not dispute the basic facts set forth by defendant but merely allege that the misapprehension apparent on this record did not prejudice defendant in view of his record.

■■ In *People v. Pier* (1972), 51 Ill. 2d 96, 100, 281 N.E.2d 289, 291, the court stated:

> "Justice demands that [a defendant in probation revocation proceedings] * * * be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition."

With respect to pleas of guilty it is well established that a motion to withdraw a plea should be allowed "upon a showing of misapprehension of the facts or of the law or of any misrepresentation by a person having apparent authority." (*People v. Wright* (1974), 21 Ill. App. 3d 302, 304, 314 N.E.2d 733, 735; see, *e.g., People v. McKirdie* (1970), 45 Ill. 2d 300, 259 N.E.2d 16, *cert. denied* (1971), 400 U.S. 1010, 27 L. Ed. 2d 624, 91 S. Ct. 571; *People v. Walston* (1967), 38 Ill. 2d 39, 230 N.E.2d 233.) In *People v. Jackson* (1973), 13 Ill. App. 3d 232, 300 N.E.2d 557, the appellate court reduced defendant's sentence from two to ten years to one to five years because defendant had been advised at his guilty plea hearing that his

criminal conduct, if established, carried a penitentiary sentence of from one to five years of imprisonment. The crime for which defendant was sentenced actually carried a term of imprisonment of from one to ten years. Upon subsequent probation revocation proceedings defendant was sentenced to from two to ten years imprisonment. The court reasoned that because knowledge of the consequences was an essential element of a voluntary plea of guilty "[j]ustice and fairness demand that if a guilty plea rests on an inaccurate representation as to the maximum penalty the promise implied in the representation should be fulfilled." (13 Ill. App. 3d 232, 236, 300 N.E.2d 557, 560.) The court, therefore, reduced defendant's maximum sentence to five years.

■■ While probation revocation proceedings entail a lesser degree of due process than that of guilty plea proceedings (*People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999; see *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756), essential due process is the same in certain aspects when a defendant waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition. *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289.

■■■ The record of defendant's initial guilty plea indicates that the trial court informed defendant that the charge against him was a Class 3 felony when in fact it was a Class 4 felony. Defense counsel, and the prosecuting attorney by his silence, acquiesced in the misapprehension which became complete subsequently when defendant agreed to the charges against him in probation revocation proceedings and consented to a recommendation of the maximum sentence which could be imposed against him lawfully on that charge. We cannot accept the State's argument that the manner of defendant's agreement and sentence may be overlooked because defendant's record justifies his sentence. Where all parties, including the sentencing court, misapprehend the sentence to which an agreement exposes defendant, and defendant agrees in reliance upon the misapprehension, essential due process requires that defendant be given an opportunity to reconsider the acquiescence which he gave. Accordingly, we reverse and, as we cannot determine what sentence would have been imposed by the trial court had it considered a sentence within the Class 4 felony range, the case must be remanded. The defendant will be permitted to withdraw his admission to the charge of probation violation against him and be given a new hearing. His sentence is vacated.

Reversed and remanded.

SEIDENFELD, P. J., and BOYLE, J., concur.