THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES A. RAKES II, Defendant-Appellant.

Third District   No. 3—85—0683

Opinion filed August 29, 1986.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (Gary F. Gnidovec, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Pursuant to a plea agreement, the court dismissed the theft charge against the defendant, James Rakes; accepted his guilty plea to residential burglary (Ill. Rev. Stat. 1983, ch. 38, pars. 16—1(a)(1), 19—3(a)); and sentenced the defendant to a seven-year term of imprisonment. Subsequently, the court denied the defendant's motion to withdraw his guilty plea. The defendant appeals.

On June 20, 1984, the defendant informed Judge John Michella that he had actively participated in plea negotiations and that no promises or threats had induced him to freely and voluntarily tender

his guilty plea to residential burglary in exchange for the State's *nolle prosequi* of the theft charge and recommended stay of mittimus for the proposed seven-year term of imprisonment. In conjunction with the Supreme Court Rule 402(a) admonitions (87 Ill. 2d R. 402(a)), the court informed the defendant that his prior convictions elevated the instant offense to a Class X felony punishable by 6 to 30 years of imprisonment. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—3(c)(8).) The factual basis for the defendant's voluntary plea consisted of his admission that with intent to commit a theft he broke a window and entered Officer John Fitts' residence. The court accepted the defendant's oral and written guilty plea, and at the defendant's request, immediately proceeded to sentencing. After again noting the defendant's two prior burglary convictions, the court concurred with the agreement and sentenced the defendant to seven years of imprisonment.

On June 27, 1984, this court reversed one of the defendant's prior burglary convictions. (*People v. Rakes* (1984), 124 Ill. App. 3d 1153 (unpublished Rule 23 order).) Judge Michella later took judicial notice of the reversed conviction and reduced the defendant's mandatory supervised release period to two years. Subsequently, the defendant filed a motion to withdraw his guilty plea and to vacate his judgment of conviction. Therein, the defendant alleged that he pleaded to the offense in reliance on the belief that he was subject to a Class X penalty; and that because his burglary conviction was reversed he was no longer subject to that penalty.

At the hearing on the defendant's motion, Judge Wayne Dyer took judicial notice of the defendant's reversed burglary conviction; and the defendant testified that when he pleaded he knew that his burglary conviction could be reversed in his pending appeal. The court acknowledged that at sentencing the defendant was subject to Class X treatment and that the reversal would have affected the penalty range. The court found the defendant knowledgeable about criminal penalties, his appeal, and appellate procedure. The court further found that with awareness of the possibility of reversal, the defendant plea bargained with complete factual knowledge and voluntarily and understandably pleaded to the offense. The court ruled that the sentence imposed was well within the lower third of the applicable penalty range; and that neither fundamental fairness nor the circumstances of the plea entitled the defendant to abrogate the plea agreement upon which his sentence was based.

The defendant argues on appeal that his reversed burglary conviction entitles him to withdraw his guilty plea and be resentenced. The State responds that the reversal is of no consequence. The defendant

replies that the possibility of longer imprisonment affected his decision to plead and that Judge Michella, who accepted his plea, was influenced by his subsequently reversed conviction. Therefore, the defendant suggests that due process mandates that his sentence be reexamined.

■ We acknowledge that the defendant may be entitled to resentencing if the court sentences the accused by considering a prior conviction that was later reversed. (*People v. Reynolds* (1982), 105 Ill. App. 3d 698, 434 N.E.2d 776.) However, as part of a plea agreement, the defendant implicitly accepts his sentence and admits that it is justified and fair. *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254.

The defendant concedes that when he pleaded he was appropriately admonished for the instant Class X offense. The defendant was aware that one of the two prior convictions that prompted the Class X treatment was on appeal and subject to possible reversal. Although the court acknowledged the defendant's eligibility for Class X treatment, at the defendant's request, it sentenced him based on the plea agreement.

■ The defendant has failed to establish that his plea was the product of either legal or factual misapprehension or misrepresentation by one with apparent authority. When the defendant chose to proceed with the plea agreement, in effect he invited the court to ignore the outcome of his appeal. Hence, we find that that subsequent circumstance did not taint the voluntariness of his plea; and that the court appropriately denied the defendant's motion to vacate his voluntary, negotiated plea. See *People v. Woodruff* (1977), 55 Ill. App. 3d 803, 371 N.E.2d 331.

Accordingly, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.