THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY D. PENNACCHIO, Defendant-Appellant.

Second District   No. 2—90—0419

Opinion filed May 30, 1991.

Douglas P. Trent and Connie J. Butcher, both of Law Offices of Douglas P. Trent, of Carol Stream, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Anthony Pennacchio, appeals from the imposition of six months' periodic imprisonment after admitting to a violation of his court supervision. The defendant argues that he was not properly ad-

monished pursuant to Supreme Court Rule 402(a) before admitting to the violation (134 Ill. 2d R. 402(a)). He claims that, because he was not properly admonished, the waiver of his right to a hearing on the State's petition to revoke supervision was not a knowing, intelligent or voluntary waiver. In addition, the defendant claims his admission was not voluntary because it was based on an unfulfilled promise. The defendant also asserts his sentence is excessive. We agree in part.

The defendant was convicted of battery on June 1, 1988. He was sentenced to two years' court supervision to terminate June 1, 1990. On December 3, 1988, the defendant was arrested for reckless homicide in Iroquois County. On March 1, 1989, the Du Page County State's Attorney's office filed a petition to revoke the defendant's court supervision.

The defendant reached a plea-bargain agreement with the Iroquois County State's Attorney's office on the reckless homicide charge. Under the agreement, the defendant would be sentenced to: (1) 30 months' probation; (2) 50 hours of community service work; and (3) a fine of $500. Before the defendant entered his plea to the reckless homicide charge, the defendant's attorney met with the Du Page County State's Attorney's office on the petition to revoke supervision. An agreement was reached whereby the Du Page County State's Attorney's office would agree to an unsatisfactory termination of court supervision if the defendant would admit to the violation of his supervision and also plead guilty to the reckless homicide pursuant to the plea agreement reached with the Iroquois County State's Attorney's office.

The defendant pleaded guilty to the reckless homicide charge in Iroquois County on December 15, 1989. He was sentenced pursuant to the plea agreement. On January 8, 1990, the defendant appeared in the circuit court of Du Page County on the petition to revoke his court supervision.

The assistant State's Attorney did not inform the court of the full terms of the plea agreement reached between the parties. The trial judge stated that he was not bound by the agreement reached between the parties. He then asked the defendant if he intended to admit the allegations contained in the petition to revoke his court supervision. When the defendant responded in the affirmative, the court asked him if he understood that by admitting the violation of the terms of the court supervision he waived his right to a hearing and that all that remained was for the court to decide the penalty to be imposed. Again, the defendant responded that he understood. The court then asked the defendant if he was freely and voluntarily admit-

ting that he violated the terms of his court supervision. The defendant answered in the affirmative.

The judge sentenced the defendant to six months' periodic imprisonment. The defendant filed motions to vacate and to reconsider the sentence. After a hearing on the matter, the court denied both motions. Defendant timely appeals.

Defendant's first argument on appeal is that he was not properly admonished pursuant to Supreme Court Rule 402 prior to admitting to the petition to revoke his court supervision. Defendant asserts the trial court was required to explain the nature of the charge against the defendant, the minimum and maximum sentence prescribed by law, that he had a right to plead not guilty, and that if he pleaded guilty he would waive the right to a trial by jury and the right to confront the witnesses against him pursuant to Rule 402.

Supreme Court Rule 402 governs pleas of guilty. Although we were unable to find any cases directly on point dealing with the applicability of Rule 402 to supervision revocation proceedings, we find the cases dealing with the rule's applicability to probation revocation hearings persuasive.

■■■ The Unified Code of Corrections provides that a court may, upon a plea of guilty or a finding of guilt, defer the imposition of a sentence and enter an order for supervision. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(c).) Conditions are imposed by the court for the term of supervision. Upon the successful completion of the term, an order dismissing the charges against the defendant may be entered. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—1—21.) If the conditions are not fulfilled, the court has the option of continuing the supervision, modifying the supervision, or revoking the supervision and resentencing the defendant pursuant to the original charge. (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—4(e) through (h).) A proceeding to revoke court supervision is similar to a probation revocation proceeding in that it is not a criminal adjudication. (*People v. Butler* (1985), 137 Ill. App. 3d 704, 712.) The defendant has already been found guilty of the crime at an early stage in the proceedings.

■■ Rule 402 was formulated to secure proper entry of guilty pleas. (*People v. Beard* (1974), 59 Ill. 2d 220, 226; *People v. Krantz* (1974), 58 Ill. 2d 187, 194-95.) In *People v. Beard* (59 Ill. 2d 220), our supreme court held the provisions of Rule 402 are not strictly applicable to probation revocation proceedings. The court stated that due process does not require all Rule 402 admonitions be given in a probation revocation proceeding because the admission of a probation violation is significantly different in nature and effect from what is in-

volved in a plea of guilty to an original charge. *People v. Beard,* 59 Ill. 2d at 226-27; see also *People v. Cox* (1990), 197 Ill. App. 3d 239, 243.

We find the same differences in nature and effect are present when the admission pertains to a violation of court supervision. In a supervision revocation proceeding, the defendant's guilt has been determined in a prior proceeding. He is not pleading guilty to the offense with which he is charged. Although the defendant ultimately may be incarcerated as a result of the revocation of court supervision, there is a qualitative difference between a criminal conviction and the revocation of supervision. (See *People v. Beard,* 59 Ill. 2d at 226.) Accordingly, we hold the provisions of Rule 402 are not strictly applicable to supervision revocation proceedings.

However, despite the qualitative difference between a criminal conviction and the revocation of supervision, basic due process rights still must be accorded. The United States Supreme Court has set forth the minimum due process rights to be accorded to a probationer in probation revocation proceedings in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 789, 36 L. Ed. 2d 656, 665-66, 93 S. Ct. 1756, 1763. Under *Gagnon,* a probationer is afforded only "minimum" due process rights. The court recognized that a probationer has already been convicted of the crime resulting in probation and is entitled to fewer procedural safeguards than one who has not been convicted at all. *Gagnon,* 411 U.S. at 789, 36 L. Ed. 2d at 665-66, 93 S. Ct. at 1763; *People v. DeWitt* (1979), 78 Ill. 2d 82, 85.

In *DeWitt,* the court held that due process entitles a probationer

"to written notice of the alleged violation, to disclosure of the evidence against him, to be heard in person and to present testimonial and documentary evidence, to confront and cross-examine adverse witnesses, to be judged by a neutral and detached hearing body, to receive a written statement by the fact finders stating the evidence relied on and the reason for the revocation, and, in some instances, to receive assistance of counsel." *DeWitt,* 78 Ill. 2d at 85, citing *Gagnon v. Scarpelli,* 411 U.S. at 782, 786, 788, 36 L. Ed. 2d at 662, 664-65, 93 S. Ct. at 1760-63.

Our supreme court has noted that Illinois statutes have similar guarantees, referring to section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4). (*People v. DeWitt,* 78 Ill. 2d at 85; *People v. Hoyt* (1984), 129 Ill. App. 3d 331, 336-37.) That section concerns the violation, modification or revoca-

tion of probation, conditional discharge or *supervision*. Because the nature of supervision is so similar to that of probation, we hold that only minimal due process is warranted in supervision revocation proceedings as well.

■ Our supreme court has held that due process requires that an admission to the violation of probation must be made voluntarily. (*People v. Pier* (1972), 51 Ill. 2d 96; *People v. Beard*, 59 Ill. 2d 220; see also *People v. Cox*, 197 Ill. App. 3d 239.) We find that due process requires that an admission to the violation of supervision must be voluntarily made as well.

The defendant in the present case argues his admission was involuntary based on two grounds. First, defendant claims his admission was involuntary because he did not receive Rule 402 admonishments before admitting to the violation. As stated previously, Rule 402 governs guilty pleas and is not strictly applicable to admissions of supervision violations.

The trial judge stated on the record before the defendant made the admission that he was not bound by the plea agreement. He explained to the defendant that by admitting to the violation the defendant waived his right to a hearing and that the only matter remaining would be for the court to determine the penalty. The trial judge then asked the defendant if he understood. The defendant answered in the affirmative. The judge then asked the defendant if he was freely and voluntarily admitting that he violated his supervision by committing the offense of reckless homicide. Again, the defendant answered in the affirmative. The judge then revoked the defendant's supervision and sentenced him to six months' periodic imprisonment. The defendant was represented by counsel at this proceeding.

■ The defendant cites *People v. Collins* (1981), 100 Ill. App. 3d 611, in support of his argument that the trial judge failed to warn the defendant that if he persisted in his plea, the final disposition may be different. *Collins* holds a defendant must be given the opportunity to affirm or withdraw his guilty plea before the court indicates the sentence to be imposed pursuant to Rule 402(d)(3). (*Collins*, 100 Ill. App. 3d 611.) The defendant overlooks two important points. First, *Collins* involved a plea of guilty to a criminal charge, not an admission to a violation of supervision. As stated earlier, our supreme court has held that a plea of guilty to a criminal charge is not the same as an admission to a violation of probation. (*People v. Beard*, 59 Ill. 2d 220.) We have extended that doctrine to include admissions to violations of court supervision. In addition, the trial judge informed the defendant that he was not bound by the plea agreement. Due process does not

require the trial judge to give the defendant a Rule 402(d)(3) admonishment before accepting his admission. We conclude the trial court's actions were proper.

■ Second, the defendant contends his admission was involuntary because it was based on an unfulfilled promise. We agree. An admission to a probation violation must be voluntarily made. In *People v. Pier* (51 Ill. 2d at 99), our supreme court has held that, when an admission rests in any significant way upon a promise or agreement of a prosecutor so the same can be said to be part of the inducement or consideration, the promise must be fulfilled. An admission made in reliance on an unfulfilled promise is not voluntarily made by the defendant. *Pier*, 51 Ill. 2d at 99; *People v. Beard*, 59 Ill. 2d at 225; *People v. Cox*, 197 Ill. App. 3d at 242-43.

In *Pier*, the trial judge did not ask for a recommendation from the State's Attorney, and the State's Attorney did not make the recommendation that he told the defendant's attorney he would make. (*Pier*, 51 Ill. 2d at 97.) In the present case, not only did the State's Attorney fail to inform the judge of the entire plea agreement, he indicated to the court that he was of the opinion that a more severe penalty was in order. The record reveals the trial judge interrupted the State's Attorney as he was presenting the agreement. The agreement was as follows. The agreement called for the defendant to plead guilty to the reckless homicide charge in Iroquois County in exchange for a sentence consisting of: (1) 30 months' probation; (2) 50 hours of community service work; and (3) a fine of $500. In addition, the defendant was to admit to violating his court supervision, and, in exchange, the Du Page State's Attorney's office would recommend an unsatisfactory termination of the supervision. The defendant fulfilled both of his obligations under the agreement. He pleaded guilty to the reckless homicide charge and admitted to violating the terms of his supervision.

The judge, however, was informed only that the defendant's supervision would be revoked (not unsatisfactorily terminated) in exchange for his admission to the violation. No mention was made of the portion of the agreement requiring the defendant to plead guilty to the reckless homicide in Iroquois County or the fact that defendant had already done so. The discussion was as follows:

> "MR. SOLDAT [assistant State's Attorney]: Phil Nathe, formerly with our office, entered into plea negotiations with Mr. Trent. The agreement would be, in exchange for the defendant's admission to the PTR, the defendant's probation [*sic*] would be revoked and—

THE COURT: And then what? That's it?

MR. SOLDAT: That's it, sir.

\* \* \*

THE COURT: Okay. Based on that, we find there to be a violation of your court supervision; your court supervision is revoked. What do you say about that?

MS. RYAN [a probation officer]: I believe there should be some penalty, your honor.

THE COURT: No question about it. That's ludicrous. What do we do, reward people for reckless homicide?

MR. SOLDAT: I couldn't agree more, Judge."

■ The assistant State's Attorney made no attempt to inform the court of the agreement in its entirety. More importantly, he urged the trial court to impose a more severe penalty based on the fact that the defendant had committed a reckless homicide. It appears that both the court and the State's Attorney's office lost sight of the fact that the defendant had already been sentenced for the charge of reckless homicide in Iroquois County, and that the only issue before the court was the proper penalty to be imposed for violating the terms of his court supervision. Clearly, the assistant State's Attorney did not fulfill the promise made by his office to the defendant. Thus, we conclude, in accordance with *Pier*, that the defendant's admission was not voluntary. We do not find it necessary to reach the excessive sentence issue.

Accordingly, the defendant's admission is vacated, the January 8, 1990, order of conviction is reversed, and the cause is remanded for further proceedings before a different trial judge.

Reversed and remanded.

REINHARD, P.J., and UNVERZAGT, J., concur.