THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM EVANS, Defendant-Appellant.

(No. 71-56; ▮▮▮▮▮▮▮

Second District—February 1, 1972.

Ralph Ruebner, of Defender Project, of Elgin, and Kenneth Gillis, of Chicago, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

This matter appears before this court on the contention that the defendant was not advised of the possible sentence that might be imposed at the time his probation was revoked.

The defendant pleaded guilty to an information charging him with theft from his employer. The amount taken was admitted by the defendant to be approximately $2300. On July 1st, 1969, he was placed on probation for a period of five years, one of the conditions of his probation

being that he would repay the $2300 at the rate of $50 a month. He reported only once to his probation officer on August 18, 1969. On October 24th, 1969, a petition for revocation of his probation was filed by the State's Attorney which was based on his failure to report to his probation officer and his failure to make any payments whatsoever on the restitution imposed by the order of probation. A *capias* was issued for his arrest on October 4, 1969, and inasmuch as he had left the State of Illinois without permission it was not served upon him until approximately a year later on September 11th, 1970, when he was apparently returned by the authorities from Washington, D.C., to Winnebago County.

The public defender was appointed to represent him on October 21st, 1970, and a hearing on the petition for revocation of probation was held on November 9th. At that time the State's Attorney asked leave to file an amended petition for revocation of probation which the court allowed. The amended petition for revocation in addition to setting up the failure to report and his failure to make restitution set forth that he had been convicted of carrying a concealed weapon, petty theft and assault in Washington, D.C., on April 28, 1970. The defendant was queried by his counsel in the following colloquy:

"MR. BENYON: Do you want to deny the allegations in here? It says that you—

THE DEFENDANT: (Interposing) I can't deny the allegations, because they are true. I left the State without permission, and I had not made restitution. But when I left the State, there was different situations involved, and I have been incarcerated since April, and wasn't given an opportunity by the Court in Washington to make restitution.

MR. BENYON: I think you had better tell him the consequence of his plea to this, Judge, before we go any further.

I knew they were going to be filed, and they are such matters that they are impossible to defend, if true, failure to report, he either has reported or he has either been convicted of offenses in Washington, D.C. and incarcerated there, or he hasn't. I see nothing we can do in the way of a defense.

THE COURT: You have a right to be heard on whether these allegations are true, and they should prove them. Where you admit the allegations, then the possibility is that you probably will be in the position of having your probation revoked and you will be sentenced.

THE DEFENDANT: Yes, your Honor, I understand this."

A hearing was then had in aggravation and mitigation by agreement of the defendant and his counsel.

The defendant's probation was thereupon revoked by the court and he was sentenced to 1-5 years in the State penitentiary.

■■ As indicated above the only argument advanced by counsel for the defendant is that the defendant should have been admonished of the maximum and minimum sentence that might be imposed before he admitted the truth of the State's petition. The cases cited by defense counsel are not applicable to the situation here at all. Counsel has raised the novel argument that the provisions of Supreme Court Rule 402 are applicable in the case of a petition for revocation of probation. That is not the law and counsel has obviously failed to cite any authority for this position. It seems hardly necessary to indicate that where the defendant has been found guilty, granted probation, that he should upon violation of his probation be once again admonished as to the possible sentence that might be imposed. There is no analogy as counsel contends, between acceptance of a plea of guilty and the imposition of a sentence upon the revocation of probation. Defendant has already admitted his guilt after being properly admonished of the consequence of his plea. In addition to this, defendant was returned in custody from Washington, D.C. which he readily admitted in open court. The defendant further stated:

"* * * I was arrested in Washington. I was given a nine months sentence on three misdemeanors there * * *."

In view of his admitted conviction and sentence in Washington, D.C. while on probation here, the sentence imposed was justified. As we said in *People v. Hardnett* (1971), 270 N.E.2d 864 in citing *People v. Price* (1960), 24 Ill.App.2d 364, 164 N.E.2d 528, *People v. Kostaken* (1958), 16 Ill.App.2d 395, 148 N.E.2d 615, the defendant is entitled to and was given a conscientious judicial determination according to accepted procedural methods upon the question of whether the conditions of his probation were violated.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.