THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS RAY BLAKE, Defendant-Appellant.

(No. 72-223; )

Second District—October 29, 1973.

Ralph Ruebner, Deputy Defender, of Elgin, for appellant.

40

Philip G. Reinhard, State's Attorney, of Rockford, (James W. Jerz and Martin Moltz, of Model District State's Attorneys Office, of counsel,) for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Defendant herein was charged with theft of a motor vehicle of a value exceeding $150. Upon being duly admonished by the court, he entered a plea of guilty and was granted probation for a period of three years on October 28, 1971. Two months later, on December 27, 1971, a petition to vacate probation was filed alleging that the defendant committed an offense of burglary on the 15th of December, 1971. The court appointed counsel for the defendant and furnished him with a copy of the petition to revoke. Defense counsel moved to dismiss the petition for revocation. This motion was denied and the hearing continued to January 5, 1972. On that date a list of the witnesses was furnished defendant and the matter continued. On January 20th the defendant appeared and withdrew his denial of the allegation of the petition to vacate probation. He admitted the burglary of property located on New Milford road. The court thereupon revoked the probation after first advising the defendant of the charge against him, that it was a felony, and that he would be sentenced on the original charge and after ascertaining that the admission of burglary by the defendant was freely and voluntarily given. At the court's suggestion, the matter was set for hearing in aggravation and mitigation for the following Thursday. Seven days later, on the 27th of January, the defendant appeared and moved to withdraw the admissions to the allegation of the petition to revoke probation. The court thereupon set aside the order of revocation, granted the defendant's motion to withdraw his admission, and further granted the State's Attorney leave to file an amended petition. On January 31st the State's Attorney filed an amended petition for revocation of probation alleging that the defendant had violated his probation by committing three burglaries, the two additional burglaries having been committed at Cherry Valley, Illinois. After service of a copy of the amended petition to vacate probation upon the defendant, the matter was continued to February 10, 1972. On that date the defendant appeared and stated he then remembered having burglarized the home on New Milford road in which the house was ransacked, several guns, a T.V. set, a stereo set, and appliances were taken. Upon the basis of the admission to the one burglary, the amended petition for revocation alleging the additional two burglaries was withdrawn and once again the court revoked the defendant's probation based on the original petition which alleged only the first burglary. The de-

fense counsel stated that they were ready for sentencing and the defendant was sentenced to 1-5 years in the State penitentiary.

Defendant has raised two issues in this appeal. The first is that the court failed to admonish him of his rights prior to the entry of his admission to the violation charge at the probation revocation hearings. The second is that the trial court considered improper evidence of numerous juvenile arrests.

Counsel for the defendant contends that at the two probation revocation hearings the defendant should have been admonished of the minimum and maximum sentence that might be imposed, of his right to remain silent and not admit the violations, of the burden on the State to prove the violation by preponderance of the evidence, and of the defendant's right to confront State witnesses at the hearing and the right to call his own witnesses.

■■ In *People v. Evans* (1972), 3 Ill.App.3d 435, 278 N.E.2d 401, this court held, in answer to the contention of counsel therein, that these admonishments as prescribed by Supreme Court Rule 402 (Ill. Rev. Stat. 1969, ch. 110A, par. 402) were not applicable in a hearing for the revocation of probation. Subsequent to that case the Supreme Court in *People v. Pier* (1972), 51 Ill.2d 96, 100, 281 N.E.2d 289, agreed with our basic ruling in *Evans*, in stating " *  *  * that due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods."

The court further stated that due process of law required the defendant to be represented by counsel but did not require a jury trial, and concluded:

> " *  *  * Justice demands that he also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition. If he does so in reliance upon an unfulfilled promise by the State's Attorney, then his confession or admission of the charge is not voluntary for the same reason that a plea of guilty entered in reliance upon an unfulfilled promise of the State's Attorney is not voluntary."

As a result of the above decision the 4th District Appellate Court in *People v. Bryan* (1972), 5 Ill.App.3d 1006, 284 N.E.2d 706, considered a case where the defendant had been granted probation, had been subsequently convicted of another offense in another county, and had had his probation revoked after defense counsel stated that the defendant admitted that he violated the terms of his probation. The court thereupon

held that the trial court in revoking probation did not sufficiently admonish the defendant in accepting the admission of violation of probation. The question presented in the *Bryan* case and in the case before us now is, what admonishment is in fact required by *Pier*. The 4th District Appellate Court has inferred that it would be desirable to follow the Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) in a hearing on revocation of probation, assumedly insofar as the provisions of Supreme Court Rule 402 would be applicable. Obviously the defendant would not be admonished that he was entitled to a jury trial or that he must be proven guilty beyond a reasonable doubt.

This court, however, adheres to its prior ruling in *Evans*, 3 Ill.App.3d at 437, that "a conscientious judicial determination according to accepted procedural methods upon the question of whether the conditions of [the defendant's] probation were violated" does not require the trial court to slavishly follow Supreme Court Rule 402 in admonishing a defendant at a probation revocation hearing. As stated in *People v. Kostaken* (1957), 16 Ill.App.2d 395, 398, 148 N.E.2d 615, 616, "[a] probationer is not in the same category as one charged by indictment or information."

■■ This decision is supported by the reasoning in the recent United States Supreme Court decision of *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756. In that case the Supreme Court held that although a previously sentenced probationer is entitled to a hearing when his probation is revoked, he is not entitled to be represented by appointed counsel at such a hearing. In distinguishing between probation revocation and criminal prosecution the court stated:

> " 'Revocation deprives an individual not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.' "
> 411 U.S. at 781, 36 L.Ed.2d at 661, 93 S.Ct. at 1759, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 480, 33 L.Ed.2d 484, 494, 92 S.Ct. 2593, 2600.

The court went on to say that there really is no difference between the guarantee of due process regarding the revocation of parole in contradistinction to the revocation of probation.

It should be noted that this case arose in Wisconsin where the defendant was sentenced to 15 years imprisonment and then placed on probation. When the defendant violated probation he was not afforded a hearing and the court revoked his probation. In Illinois, the defendant is given probation before sentence is imposed. Sentence is imposed only upon revocation of probation at a hearing. Therefore, Illinois cases are controlled by *Mempa v. Rhay* (1967), 389 U.S. 128, 19 L.Ed.2d 336, 88

S.Ct. 254, which held that a probationer is entitled to be represented by appointed counsel at a combined revocation and sentencing hearing. Nevertheless, the reasoning of *Gagnon* as quoted above applies equally in both cases.

Therefore, when *Pier* is read in the light of *Gagnon*, it is apparent that a trial court need not precisely follow Supreme Court Rule 402 as if the probationer were making a plea of guilty to a criminal offense. As stated previously, however, the trial court must make a conscientious judicial determination according to accepted procedural methods upon the question of whether the conditions of his probation were violated.

The trial court in *Pier* did not make such a conscientious judicial determination. In *Pier* the State's Attorney did not make the sentence recommendation which he told defendant's counsel he would make if defendant admitted violation of his probation. The trial court dismissed the defendant's post-conviction petition upon this issue without an evidentiary hearing.

■■ In this case, the defendant was fully advised by the court that before he accepted the admission of the violation he would be sentenced on the original charge. He was given a list of the witnesses. He first admitted the violation and then he was permitted to withdraw his admission, the court vacating the first order of revocation. When he was then charged with three burglaries as a basis for violation of probation, he admitted the first burglary and the State's Attorney withdrew the petition for revocation including the additional burglaries. He was well represented by counsel, obviously knew and was thoroughly admonished by the court as to what would transpire upon the admission of the burglary committed by him.

■■ We turn then to the allegation that the court considered juvenile arrests of the defendant which did not result in adjudication of delinquency. At the hearing in aggravation and mitigation the court considered the probation report which disclosed that the defendant had been arrested at least fifteen times for glue sniffing, disorderly conduct, and four or five charges of burglary; that he had been placed on probation to a Mr. Cook and Mr. Erickson and that he had apparently been found delinquent and sent to the Boy's Farm School at Durand, Illinois. The Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, par 702—9(2)) provides that only adjudications of delinquency may be considered by the court in a subsequent conviction of a crime in passing upon application for probation or in determining the sentence to be imposed. The question then arises whether or not the court improperly considered the arrest record of the defendant or whether he properly considered only the apparent two delinquences, one seemingly resulting in

probation to the probation officers, and the other in his commitment to the Boy's Farm School at Durand. The courts of Illinois have repeatedly said that in a situation such as this it will be presumed that the court only considered proper evidence of prior offenses in imposing the sentence in a case before it.

Oddly enough, the probation report in question was submitted to the court without objection at the time probation was granted on the original charge. The probation officer recommended and, notwithstanding the inclusion of the above juvenile incidents, the court granted probation. It can scarcely be said that those incidents were considered by the court as the basis for determining the sentence after the commission of a subsequent burglary and revocation of probation.

Defendant has filed a motion for summary modification of sentence which was ordered taken with the case. Defendant is correct in this motion. Under the provisions of Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—6—4(h), the defendant is entitled to receive credit for the 60 day period he served on probation prior to the filing of the petition to revoke.

We affirm the judgment of the trial court, and remand this cause to the circuit court of Winnebago County for proper sentencing consistent with the rulings herein.

Affirmed and remanded with directions.

SEIDENFELD and T. MORAN, JJ., concur.