THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM JOHN BARKER, Defendant-Appellant.

(No. 12597;

Fourth District—November 21, 1974.

John F. McNichols and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Michael Prall, of Circuit Attorneys Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, William John Barker, appeals from a revocation of his probation and from a sentence imposed of 3 years and 4 months to 10 years. Defendant raises the following issues for resolution by this court: (1) Whether defendant effectively waived his right to counsel at his arraignment for probation revocation, and (2) Whether the court erred in failing to grand defendant credit for time spent in the county jail and on probation for the charge in question.

On July 7, 1973, defendant pleaded guilty to the offense of theft of property over $150 in violation of section 16—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1) and was sentenced to 3 years' probation. On October 25, 1973, a petition to revoke defendant's probation was filed, and on October 31, 1973, a warrant was issued on the petition. An arraignment hearing was held on the petition to revoke on January 9, 1974. At the hearing defendant acknowledged that he received a copy of the petition to revoke. The following colloquy then occurred:

"Court: Do you have an attorney?

Defendant Barker: I think Gesell. I am not for sure.

Court: Well, what I mean is have you hired an attorney yourself?

Defendant Barker: No, sir.

Court: Do you wish to have an attorney appointed to represent you?

Defendant Barker: I don't care.

Court: Well, either you want an attorney or you don't. Do you want to have an attorney?

Defendant Barker: No, I don't think it will be necessary."

Defendant then pleaded not guilty to the probation violation and stated that he desired a hearing. The colloquy regarding counsel then continued:

"Court: But you don't want to have an attorney?

Defendant Barker: No.

Court: You understand you do have a constitutional right to be represented by an attorney?

Defendant Barker: Yes."

The prosecution then informed the court that counsel has recently been appointed to represent defendant on another charge. The court then replied:

"Court: Well, there would have to separate appointments follow-

ing the filing of that petition and he has indicated he does not wish to have an attorney."

On January 30, 1974, a hearing was held on the petition to revoke, and the court stated that defendant was appearing without counsel because he had waived his right to be represented at the arraignment on the petition. Three witnesses then testified in behalf of the State, and the State introduced certified records of convictions obtained during defendant's probationary period. The defendant did not testify or present any evidence in his own behalf but did conduct an extremely limited cross-examination of one of the State's witnesses. The court then found defendant guilty of violating his probation and sentencing him accordingly on the original offense.

■■■ It is contended that defendant did not effectively waive his right to counsel at the probation revocation hearing. We agree. A criminal defendant clearly has the right to be represented by counsel at a probation revocation hearing. (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c).) It is well established that a defendant's right to counsel must on the record be "knowingly and understandingly" waived. (See *People v. Slaten,* 13 Ill.App.3d 317, 300 N.E.2d 46 (4th Dist.).) The standards governing a "knowing and understanding" waiver of counsel are contained in Supreme Court Rule 401(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 401(a)):

> "(a) Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of a crime punishable by imprisonment in the penitentiary without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
> (1) the nature of the charge;
> (2) the minimum and maximum sentence prescribed by law
> &ast; &ast; &ast;
> and
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

In *People v. Pier,* 51 Ill.2d 96, 100, 281 N.E.2d 289, our Supreme Court discussed the due process requirements applicable to a probation revocation proceeding:

> "Since the results of a probation revocation may be a deprivation of liberty and, consequently, as serious as the original determination of guilt, we agree with the holdings of these cases that due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods. &ast; &ast; &ast; He is entitled to counsel, &ast; &ast; &ast;

*Justice demands that he also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty* when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition." (Emphasis added.)

In *People v. Tempel*, 131 Ill.App.2d 955, 268 N.E.2d 875 (4th Dist.), this court stated that it is preferred that the substance of Supreme Court Rule 402 relating to pleas of guilty be followed at a probation revocation hearing. Relying on *Pier* and *Tempel* this court, in *People v. Bryan*, 5 Ill. App.3d 1006, 284 N.E.2d 706 (4th Dist.), reversed defendant's probation when the record demonstrated a complete failure by the trial court to admonish defendant regarding the applicable provisions of Supreme Court Rule 402 prior to defendant's "admitting" the charges leading to his probation revocation. (Also see *People v. Watkins*, 10 Ill.App.3d 875, 295 N.E.2d 546 (4th Dist.); *cf. People v. Blake*, 15 Ill.App.3d 39, 303 N.E.2d 419 (2d Dist.).) Likewise, we believe that the admonitions contained in Supreme Court Rule 401(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 401(a)) should be equally applicable to any waiver of counsel by a defendant at a probation revocation hearing in order to ascertain from the defendant and to have the record reflect that the waiver of his right to counsel has been "knowingly and understandingly" entered.

■■ In the instant case an examination of the record reveals that prior to defendant's waiver of his right to counsel he was not admonished of either the nature of the charges contained in the petition to revoke or the minimum and maximum sentences prescribed by law for the original offense. Because of this deficiency of admonition this case requires a reversal and remandment.

Although the case must be remanded, we note that defendant should have been given credit for time spent on probation from July 7, 1972, to October 31, 1973. (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).) Accordingly, the judgment and sentence imposed by the circuit court of McLean County is hereby reversed and remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.