(No. 47257.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. WILLIAM JOHN BARKER, Appellee.

*Opinion filed November 25, 1975.*

CREBS, J., took no part.

Paul R. Welch, State's Attorney, of Bloomington Michael Prall, of Statewide Appellate Assistance Service, of counsel), for the People.

Richard J. Wilson, Deputy Defender, of Office of State Appellate Defender, of Springfield (Daniel D. Yuhas, Assistant Defender, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, William John Barker, appealed from the judgment of the circuit court of McLean County revoking his probation and imposing sentence of not less than 3 years and 4 months and not more than 10 years. The appellate court reversed (23 Ill. App. 3d 598) and we allowed the People's petition for leave to appeal. The facts are adequately set forth in the appellate court opinion and will be restated here only to the extent necessary to define the issues.

On July 7, 1972, defendant, then 17 years of age, waived indictment and pleaded guilty to an information charging the offense of theft over $150. He was placed on probation for a period of 3 years. On October 25, 1973, a petition to revoke probation was filed. Defendant was arraigned on the petition to revoke on January 9, 1974, waived counsel, and following a hearing on January 30, 1974, probation was revoked and sentence imposed.

The People contend that the appellate court erred in holding Rule 401(a) applicable to a probation revocation proceeding and that the defendant intelligently and voluntarily waived counsel.

Section 5—6—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, par. 1005—6—4(c)) provides that in a

probation revocation proceeding an offender has "the right of confrontation, cross-examination and representation by counsel." A finding of waiver of this explicitly stated right should not be made unless it appears from the record that the circuit court advised the offender of his right to counsel, and that he knowingly and understandingly rejected the offer of appointed counsel. *People v. Hessenauer,* 45 Ill.2d 63.

We have not previously considered the question whether, as held by the appellate court, Rule 401(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 401) applies to waiver of counsel at a probation revocation hearing. In the absence of our having so held the precise question presented in this appeal is not whether the failure to comply with Rule 401(a) of itself renders the waiver ineffective, but whether, considering the entire record, the defendant was shown to have knowingly and understandingly waived his right to counsel. We have examined the record and conclude that it fails to show a knowing and understanding waiver of counsel and the judgment of the appellate court is affirmed.

Good practice requires that there be a definitive standard by which a knowing and understanding waiver of counsel in a probation revocation proceeding may be determined. The circuit court should not permit the offender to waive counsel unless it determines, by addressing him in open court, that the offender understands: (1) the purpose of the revocation proceeding and the nature of the violation of the condition of probation upon which it is based; (2) that he has the right of confrontation, cross-examination and representation by counsel and that if he is indigent he has the right to appointed counsel; (3) the minimum and maximum sentence which may be imposed if the probation is revoked.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.