THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GALE W. VOIGHT, Defendant-Appellant.

Third District   No. 76-547

Opinion filed October 6, 1977.

Robert Agostinelli and Larry Mackey, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin, (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from two judgments of the circuit court of Tazewell County revoking the probation of the defendant, Gale Voight, and sentencing him to two concurrent sentences of 364 days imprisonment.

On March 16, 1976, and June 25, 1976, the defendant, Gale Voight, was placed on separate periods of one and two years probation respectively, following pleading guilty in each case to driving while license revoked. On September 17, 1976, the court found defendant in violation of the probation orders and sentenced the defendant on the same day to two concurrent terms of imprisonment.

At the time of the hearing on September 17, 1976, both revocation petitions were considered at the same time since the cause for revocation was common to each. Defendant was not represented by counsel and no transcript was made of the testimony presented at the hearing. However, no question is raised concerning the sufficiency of the evidence supporting the trial court's order. Thereafter defendant retained counsel who filed a motion on October 12, 1976, seeking to vacate the previous orders revoking defendant's probation. This motion alleged the defendant had been deprived of his right to counsel with respect to the hearing conducted on September 17. After a hearing on October 22, 1976, the court denied the motion, concluding the defendant had waived his right of representation. A transcript of this proceeding was made and supplemented by a stipulation of facts regarding the September 17 hearing.

In June and July the defendant was cited for additional statutory violations including two charges that he again operated his automobile while his right to do so was suspended. Defendant appeared in court on August 3 and August 17 respectively as required by the citations. He was admonished of his rights and thereafter pleaded not guilty and requested jury trials. On neither of these occasions was he accompanied by an attorney. The cases were continued until August 19, the start of the jury calendar.

On that date the defendant appeared in court for the jury trial calendar call. At the time of this appearance, however, he was advised by the trial court that two petitions had been filed on August 16 seeking the revocation of defendant's probation. Each petition alleged that defendant had violated his probation on July 19, 1976, by operating a vehicle upon a suspended license. Upon arraignment, the defendant pleaded not guilty to each petition and a hearing was scheduled for September 17, 1976. Additionally, the cases for which the defendant had actually appeared for the jury call were also scheduled for September 17, 1976.

During the hearing on October 22, it was developed that the defendant had called the office of attorney Robert Jones during the week prior to August 19 in order to seek his representation in his traffic cases. The defendant was unable to reach Mr. Jones directly, but was informed by Jones' secretary that he would return his call. Jones did not return the defendant's call, but was in the traffic division courtroom on August 19, 1976, and spoke to the defendant about taking his cases. Mr. Jones expressed that he might be unable to assist the defendant, but no definitive statement was made as to whether he would take the cases at that time. Defendant was told to contact him during the next week. Jones did offer to stand present with the defendant when his case was called, but did not enter a formal appearance. In the trial judge's comments, he remembered that Jones was with the defendant on August 19 and that Jones did not enter an appearance, although Jones did tell the court that he had an appointment with the defendant for the following week. The judge stated that it was Jones who asked that the defendant be arraigned on the two petitions and that all of the charges against the defendant be set on a day certain. The judge added further that the defendant was advised of his right to counsel in the probation revocation proceeding—even though "* * * the person that he was supposed to be getting as his attorney, Mr. Jones, * * * was standing there next to him." The court stated that the defendant was informed of his right to appointed counsel if indigent, adding that "* * * I did at that time tell him that in the event he was not able to retain private counsel he was to come back to court on or before the 3rd day of September, 1976, to apply for court appointed counsel for the Public Defender." Judge Gross also recalled that he

explained that defendant had a right to a hearing on the petition and if he plead not guilty, the State would have to prove he violated his probation.

In his testimony, the defendant stated that he did not remember the judge announcing a deadline for the appointment of counsel and recalled that he was only given a memorandum from the clerk indicating that he was to appear again on September 17.

During the week following the arraignment on the petitions, the defendant phoned Mr. Jones' office three times, the last time being August 26, 1976. He was told each time by Mr. Jones' secretary that Jones would return the defendant's call; however, no return call was ever made to the defendant's knowledge. The defendant testified that in spite of the failure of Mr. Jones to contact him, he expected that Jones would still appear with him for the September scheduled hearing, since Mr. Jones had appeared for the defendant on August 19 even though he had also failed to return the defendant's call made in the week prior to that date.

On the 17 day of September 1976, the defendant appeared in court, but Jones did not. The defendant testified he had a conversation with Mr. Bruce Black, the Assistant State's Attorney, at the counsel table in the courtroom in the presence of Officer Riddle and the clerk. The defendant stated that he informed Mr. Black that he did not have counsel and was not ready for trial. According to the defendant, when Judge Gross entered the courtroom, he asked if everyone was ready and was informed by Black that the State was ready, but that Mr. Voight was not. Upon inquiry directed to him by the court, the defendant informed the court that he had tried calling his counsel, but that his counsel had not shown up for the hearing. In response, the court informed the defendant that he would have to defend himself. The hearing proceeded as scheduled, and the defendant was found guilty of violating his probation in both cases.

On this appeal the defendant argues he was erroneously deprived of his right to counsel at his probation violation hearing. This argument has two aspects. First, there was no knowing and understandable waiver of his right to counsel because the admonitions given him were insufficient to form an adequate foundation for such a decision. Second, he did not waive his right to counsel either expressly or by necessary implication.

■■ Section 5—6—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(c)) provides that in a probation revocation proceeding an offender has "the right of confrontation, cross-examination and representation by counsel." Recognizing the importance of legal representation as an incident to a probation violation proceeding, the court in *People v. Pier*, 51 Ill. 2d 96, 99-100, 281 N.E.2d 289, 291, observed:

> "The consequences of a determination that the probation order has been violated are so serious that the appellate courts have

surrounded the defendant at a revocation hearing with many of the same due-process safeguards that are accorded to a defendant [at] a trial to determine his guilt. * * * [D]ue process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods. * * * He is entitled to counsel."

The right to representation by counsel at probation violation proceedings also has constitutional dimensions. *Argersinger v. Hamlin*, 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972), and *Mempa v. Rhay*, 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967).

The principal issue on this appeal is whether defendant effectively waived his right to counsel. Undoubtedly an accused may waive his right to counsel where such waiver was knowingly and understandably made. *People v. Motis*, 23 Ill. 2d 556, 179 N.E.2d 637.

■■■ With respect to the knowledge which an accused should have before he can make a meaningful decision on the waiver of legal representation, the observations of the court in *People v. Barker*, 62 Ill. 2d 57, 338 N.E.2d 385, are controlling. In that case the court stated:

"Good practice requires that there be a definitive standard by which a knowing and understanding waiver of counsel in a probation revocation proceeding may be determined. The circuit court should not permit the offender to waive counsel unless it determines, by addressing him in open court, that the offender understands: (1) the purpose of the revocation proceeding and the nature of the violation of the condition of probation upon which it is based; (2) that he has the right of confrontation, cross-examination and representation by counsel and that if he is indigent he has the right to appointed counsel; (3) the minimum and maximum sentence which may be imposed if the probation is revoked." (62 Ill. 2d 57, 59, 338 N.E.2d 385, 387.)

The supreme court in *People v. Barker*, 62 Ill. 2d 57, 338 N.E.2d 385 approved the holding of the appellate court (*People v. Barker*, 23 Ill. App. 3d 598, 319 N.E.2d 550) which held the waiver was not knowingly and understandably made where the trial court failed either to advise the defendant of the nature of the charge against him or the penalty which might be imposed if probation were revoked. As disclosed by the colloquy described in the appellate court opinion in *Barker*, the defendant declined the appointment of counsel, but the court concluded such waiver was not effective in the absence of adequate knowledge upon which to base such a decision.

In the instant case, when the defendant appeared at his arraignment hearing on August 19, the record fails to show that he was advised either

of the nature of the charges or of the potential penalty if he were found guilty of violating his probation. At this juncture it should be recalled the defendant did not waive his right to legal representation at the arraignment hearing, but as a matter of fact was accompanied by an attorney at the time even though such attorney did not enter his appearance in the case in behalf of the defendant. Even though the defendant was advised of his right to counsel either private or appointed, the admonitions do not in other respects conform to the standards described in *People v. Barker*, 62 Ill. 2d 57, 338 N.E.2d 385, and consequently the procedure cast doubts on the effectiveness of any waiver of counsel.

■■ Of equal significance in the instant case on the question of defendant's effective waiver of his right to counsel, is the fact that defendant's response was at best ambiguous and did not clearly disclose his intention to waive representation by counsel and his intention to represent himself. (See *People v. Brown*, 40 Ill. App. 3d 562, 352 N.E.2d 15.) As observed in *People v. Hessenauer*, 45 Ill. 2d 63, 256 N.E.2d 791:

> "A finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel." 45 Ill. 2d 63, 68, 256 N.E.2d 791, 794. See also *People v. Schrodt*, 8 Ill. App. 3d 660, 289 N.E.2d 652.

There is substantial agreement on the facts which preceded the trial on September 17. All parties concede the defendant did not specifically or expressly waive his right to legal representation. The amended stipulation of facts indicates the defendant was "deemed" to have waived representation thus raising the question of whether defendant's waiver is a necessary implication from his conduct. We believe the evidence is insufficient to show waiver by implication.

Admittedly, defendant was advised of his right to counsel either private or appointed at his arraignment. It is also undisputed that an attorney was present and that so far as the parties were concerned it was contemplated that defendant would be represented by retained counsel. Although the defendant had no recollection of the order, we believe the record fairly supports the fact that the court did indicate to defendant that if he did not have private counsel he should apply for appointed counsel before September 3. It is also undisputed that on September 17 defendant appeared without counsel, this fact was known to the court and that no inquiries were made about appointing counsel. There is no expression of opinion by the defendant that he desired to represent himself, that he would not accept appointed counsel and he did not reject appointed counsel since the offer to do so or any inquiries about such an

appointment were not made by the court. The only disputed facts are whether the defendant responded in the affirmative when the court asked if the parties were ready for trial and whether some offhand comment may have been made by the defendant regarding the attorney's refusal to take his case.

In his comments made at the time he denied the defendant's motion to vacate the judgments of September 17, the trial judge observed:

> "*  *  * the defendant's actions constituted an effective waiver which justified the court in proceeding. Any other approach would allow defendant Carte Blanche to delay their hearings. *  *  * What more can a Court do? What about speedy and efficient administration of justice? Can the Court be burdened by vacating judgments prior to which time defendants are given ample opportunity to get private counsel or to apply for Court appointed Counsel?"

From these remarks it may be inferred the trial court was not inclined to make any inquiries or offer any advice to the defendant on September 17 which had the potential for suggesting the reasonableness of a continuance for the purpose of securing representation. While we quite agree with the goal and aim of the trial judge to promote the efficiency of the trial system, nevertheless the right of legal representation is such an important legal right that some flexibility is required. From defendant's testimony, which was not challenged, he in good faith believed that a private attorney would be representing him on the date of the trial. The court believed defendant would be represented by private counsel since he had not applied by September 3 for the appointment of counsel. The court apparently also believed that if the defendant had not applied by September 3, he was not entitled to appointed counsel even though the testimony later showed the defendant reasonably believed at that time he would be represented by private counsel.

While no magic words are or ought to be required, we believe the rejection of legal representation must be unequivocal or it must be shown that defendant's failure to resolve the issue of his legal representation is for the purpose of delay or other improper motive. In this case no continuance had been requested by the defendant and we believe that the failure of the court to inquire about defendant's representation or offer to appoint counsel if the defendant was indigent, is not justified because of the potential delay. In fact, the defendant did, by appropriate affidavit, qualify as an indigent person for the purpose of securing a free record and also qualified for the appointment of the appellate defender's office on this appeal.

In conclusion we do not believe the defendant knowingly and understandably waived his right to legal representation.

For the foregoing reasons the judgments of the circuit court of Tazewell County are reversed and these causes are remanded with directions that defendant be awarded new trials.

Reversed and remanded with directions.

STENGEL, P. J., and ALLOY, J., concur.