THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KEITH RODNEY ROBERTS, Defendant-Appellant.

Fourth District    No. 14572

Opinion filed January 13, 1978.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert C. Perry and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
On September 11, 1974, defendant Keith Roberts pleaded guilty to burglary in the circuit court of McLean County and on October 10, 1974, was sentenced to probation for a period of 3 years. On June 21, 1977, defendant's probation was revoked and he was sentenced to 3 1/3 to 10 years' imprisonment with credit for time served on probation. On appeal, defendant contends that he did not knowingly and understandingly waive his right to counsel during revocation proceedings.

The instant petition to revoke defendant's probation was filed June 10, 1977, and alleged that defendant had violated his probation by consuming intoxicating liquor and committing a battery and aggravated assault. This was the fourth petition to revoke probation filed against defendant. The first, filed June 2, 1975, alleged that defendant had consumed alcohol and committed the offenses of public intoxication and disorderly conduct. Defendant admitted those allegations, was held in contempt for violating

the terms of his probation and sentenced to 4 months' imprisonment. The second petition, filed April 13, 1976, was dismissed after defendant was convicted of misdemeanor theft and resisting an officer and sentenced to a total of 310 days' imprisonment. The third petition was filed January 17, 1977, and alleged that defendant consumed intoxicating liquor and committed a battery against his probation officer. Defendant admitted the allegations and was again held in contempt and sentenced to 60 days' imprisonment. Defendant was represented by the public defender at those prior revocation hearings.

At the hearing on the instant petition, the court advised defendant of the allegations in the petition to revoke and that he had the right to be represented by an attorney and that counsel would be appointed if defendant were indigent. When asked if he wished to be represented by counsel, defendant answered no. Defendant admitted that he consumed intoxicating liquor and that he committed the battery but denied committing the aggravated assault. The court heard testimony on that allegation and ruled the evidence insufficient to support the allegation of aggravated assault. The revocation therefore was based on defendant's admissions.

In *People v. Barker* (1974), 23 Ill. App. 3d 598, 319 N.E.2d 550, this court ruled that Supreme Court Rule 401(a) concerning waiver of counsel applied to probation revocation proceedings. The supreme court granted leave to appeal. In its opinion (62 Ill. 2d 57, 338 N.E.2d 385), the court noted that it had not previously ruled on that question and in the absence of such a ruling, the question was "whether, considering the entire record, the defendant was shown to have knowingly and understandingly waived his right to counsel." The court then stated the following "definitive standard" for making such a determination:

> "The circuit court should not permit the offender to waive counsel unless it determines, by addressing him in open court, that the offender understands: (1) the purpose of the revocation proceeding and the nature of the violation of the condition of probation upon which it is based; (2) that he has the right of confrontation, cross-examination and representation by counsel and that if he is indigent he has the right to appointed counsel; (3) the minimum and maximum sentence which may be imposed if the probation is revoked." 62 Ill. 2d 57, 59, 338 N.E.2d 385, 387.

In the instant case, the court did not admonish defendant that he had the right to confrontation and cross-examination, but defendant was present when testimony was heard and the court offered defendant the opportunity to cross-examine. More importantly, the court did not directly advise defendant as to the minimum and maximum sentence

which could be imposed. The court did advise defendant that he could be sentenced on his original burglary conviction but did not state the possible length of the sentence.

The fact that defendant had been told the minimum and maximum terms of imprisonment which could be imposed at his original admonition is not sufficient to show that he understood or remembered them nearly 3 years later at the probation revocation hearing. The sentence which could be imposed for burglary had not been repeated at any of his previous revocations hearings.

Because the record does not show that defendant knew and understood the minimum and maximum sentence which could be imposed if probation were revoked, it fails to show a knowing and understanding waiver of counsel.

Accordingly, the judgment and sentence imposed is reversed and the case is remanded to the circuit court of McLean County.

Reversed and remanded.

TRAPP and MILLS, JJ., concur.