(No. 56047.—)

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES W. BAKER, Appellee.

*Opinion filed February 4, 1983.*

Tyrone C. Fahner, Attorney General, of Springfield, and Bruce W. Black, State's Attorney, of Pekin (Martin N. Ashley, Raymond F. Buckley, Jr., and Stephen E. Norris, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Frank W. Ralph, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE CLARK delivered the opinion of the court:

This is an appeal from a judgment of the appellate court reversing an order of the circuit court of Tazewell County that revoked the defendant's probation. (101 Ill. App. 3d 1114.) A divided appellate court held that the defendant did not knowingly, understandingly and effectively waive his right to counsel where the circuit court failed to give proper admonishments. We granted the People's petition for leave to appeal on March 30, 1982. 73 Ill. 2d R. 315.

On October 12, 1978, the defendant was charged in a two-count information with the offenses of aggravated assault and unlawful use of a weapon. Pursuant to negotiations between the public defender of Tazewell County and the Tazewell County State's Attorney, the circuit

court sentenced the defendant to a one-year term of probation. The probation was conditioned upon the voluntary commitment of the defendant to the Danville Veterans' Administration Hospital for psychiatric treatment and upon his serving 90 days' imprisonment in the Tazewell County jail.

On March 20, 1979, the defendant left the Veterans' hospital without first receiving the consent of the adult probation officer of Tazewell County. That same day a petition was filed in the circuit court of Tazewell County charging the defendant with violating the conditions of his probation and seeking a revocation.

On March 22, the public defender was again appointed to represent the defendant and on April 6, 1979, did appear with the defendant at a hearing to determine the defendant's fitness.

The hearing on the petition to revoke the defendant's probation was set for May 14, 1979. On the 14th, just prior to the hearing, the defendant requested that the court discharge the public defender and continue the case to permit the defendant to be represented by another attorney who had agreed to take the case. The State objected to a continuance, pointing out that two doctors from the Danville Veterans' Administration Hospital, who the defendant requested be in attendance, were present and ready to testify.

The circuit court denied the defendant's request to discharge his attorney and indicated that the court "would like Mr. Bernardi [the public defender] to cross-examine witnesses for the State." The defendant objected to the public defender's continued representation and told the court that Mr. Bernardi "could possibly do more damage than good."

The court then cautioned the defendant that, if it discharged the defendant's counsel and denied the defendant's request for a continuance, the defendant would, in

effect, be representing himself. After the defendant stated that he understood this, the circuit court discharged counsel and denied the defendant's request for a continuance. The court then directed the State to proceed with its case. The State presented three witnesses. The defendant did not cross-examine any of them, nor did he offer any evidence on his own behalf. The court denied several additional motions by the defendant for a continuance, and the defendant was found guilty of violating his probation.

The issue presented for our review is whether the defendant knowingly, understandingly and effectively waived his right to counsel at the probation-revocation proceedings.

The guidelines in Supreme Court Rule 401 set forth what is required when a defendant elects to waive counsel in a criminal proceeding at the trial level in this State.

"Rule 401. Waiver of Counsel

(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." (73 Ill. 2d R. 401(a).)

The trial judge must, in open court, inform the defendant and determine that he understands the nature of the charge, the minimum and maximum possible sentences, and his right to counsel.

In *People v. Barker* (1975), 62 Ill. 2d 57, this court indicated that at a probation-revocation proceeding the important question was not "whether the failure to comply with Rule 401(a) of itself renders the waiver ineffective, but whether, considering the entire record, the defendant was shown to have knowingly and understandingly waived his right to counsel." (62 Ill. 2d 57, 59.) After examining the record the court concluded that there had been no showing of a knowing and understanding waiver of counsel.

In reaching that decision the court in *Barker* said that there must be a "*definitive standard* by which a knowing and understanding waiver of counsel in a probation revocation proceeding may be determined. The circuit court should not permit the offender to waive counsel unless it determines, by addressing him in open court, that the offender understands: (1) *the purpose of the revocation proceedings and the nature of the violation of the condition of probation upon which it is based;* (2) *that he has the right of confrontation, cross-examination* and representation by counsel and that if he is indigent he has the right to appointed counsel; (3) *the minimum and maximum sentence which may be imposed if the probation is revoked.*" (Emphasis added.) 62 Ill. 2d 57, 59.

Two appellate court decisions have been handed down following our opinion in *Barker*. In *People v. Voight* (1977), 52 Ill. App. 3d 832, the defendant was not advised of the nature of the charges or the potential penalty that could be imposed should he be found guilty of violating his probation. The appellate court said, "Even though the defendant was advised of his right to counsel either private or appointed, the admonitions do not in other respects conform to the standards described in *People v. Barker* 62 Ill. 2d 57, 338 N.E.2d 385, and consequently the procedure casts doubts on the effectiveness of any waiver of counsel." (52 Ill. App. 3d 832, 837.) In *People v. Roberts* (1978), 56 Ill. App. 3d 126, the appellate court quoted *Barker* and stated

that "the [circuit] court did not directly advise defendant as to the minimum and maximum sentence which could be imposed," and concluded that, "[b]ecause the record does not show that defendant knew and understood the minimum and maximum sentence which could be imposed if probation were revoked, it fails to show a knowing and understanding waiver of counsel." (56 Ill. App. 3d 126, 127-28.) The appellate court, therefore, reversed the sentence.

In the instant case, the following admonishments were given, after the defendant moved to discharge his counsel and moved for a continuance to obtain new counsel:

"THE COURT: All right. Again, the motion to discharge counsel, that if, if I didn't allow you to discharge your attorney and would deny you a continuance, you would in effect be submitting here to representing yourself here today. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: All right. And full well realizing that, do you wish the, again, the Court to discharge your attorney of record?

THE DEFENDANT: Yes.

THE COURT: All right. Mr. Bernardi, you will be discharged then from the cause at this time. And your motion for a continuance in order to obtain counsel is heard and denied. I call for evidence on behalf of the People."

Looking to the guidelines set forth in *Barker*, we find this dialogue to be insufficient in establishing a knowing, understanding and effective waiver of counsel. The defendant was not advised of the purpose of the proceedings or the nature of the alleged violation. The defendant was not advised of his rights to confront and cross-examine the State's witnesses. And the court failed to explain the minimum and maximum sentence that could be imposed upon revocation of probation.

The dissenting voice in the appellate court opinion in this case suggests that a circuit court judge should not have to give the admonishments to which we have just

spoken, because the defendant had already procured counsel. That argument fails to recognize that the court in the instant case had allowed the defendant's motion to discharge counsel. Granted it was of the defendant's own volition and that he was acting on his own; however, because the defendant wanted to and did discharge his counsel does not mean that he should not be completely and fully informed as to the ramifications of acting on his own behalf without the benefit of an attorney to represent him.

The State cites *People v. Myles* (1981), 86 Ill. 2d 260, in support of its contention that Rule 401 admonitions at the probation-revocation hearing were unnecessary. The State had misread *Myles*; the circumstances of *Myles* are not at all analogous to the situation here. Admonitions were not necessary in *Myles* because the defendant continued to be represented by counsel. In *Myles*, this court determined that the defendant was using the argument that his right to counsel of his own choosing was violated as a weapon to indefinitely thwart the prosecution. In *Myles* appointed counsel had, at the arraignment, requested permission to withdraw as the defendant's attorney because the defendant no longer desired his services. The court denied counsel's request until such time as another attorney appeared to represent the defendant, and continued the case for two weeks in order to permit the defendant to secure another attorney. Counsel in *Myles* was eventually permitted to withdraw when he explained to the court that he had received telephone threats urging him to resign. The public defender was appointed, and the case was continued to give the new counsel time to prepare. However, the defendant refused to cooperate with his assistant public defenders and instructed them not to represent him. In finding that the failure to give Rule 401(a) admonitions was not in error, the court said: "Here defendant clearly and repeatedly declined to undertake his own representation. Thus, Rule 401(a) was inapplicable. Defendant's refusal to

heed the advice or employ the services of appointed counsel did not necessitate that the circuit court admonish defendant in accordance with Rule 401(a)." (86 Ill. 2d 260, 269.) However, this court also made it clear that had the defendant in *Myles* waived counsel entirely and elected to represent himself, admonishments would have been required.

In the case at bar, the defendant renounced counsel. The public defender was discharged and the defendant proceeded without counsel. Admonishments should have been given.

In *People v. Hessenauer* (1970), 45 Ill. 2d 63, this court refused to infer a defendant's full understanding of his right to counsel from the fact that he had previously requested and been appointed counsel. The court said that waiver would not be found unless it was shown that the judge "specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel." (45 Ill. 2d 63, 68.) Self-representation is fraught with dangers. Any defendant may choose to proceed *pro se*. However, it is the obligation of the court to see that the choice is an informed one. The State, in its reply brief, states that "the defendant clearly demonstrated his ability to understand by his intelligent and responsive answers at the fitness hearing." The following is a sample of the conversation between the public defender and the defendant at that fitness hearing:

"Q. And do you know what month it is?
A. No.

* * *

Q. Do you remember being placed on probation?
A. Yes.

* * *

Q. At this time do you feel that you are in need of psychiatric treatment of some kind?
A. Yes.

* * *

Q. O.k. And you, would it refresh your recollection

that if I were to tell you that the petition charges that on March 20, 1979 that you left Danville Veterans Administration Hospital without your consent, without the consent of the Adult Probation Office? Do you remember that now?

A. I remember leaving, yes.

Q. Do you remember that, reading a petition that charged you with that?

A. No.

Q. Were you aware that that was a condition of your probation, that you not leave without the permission of your probation officer?

A. I was aware of that, but I assumed that he had already given consent.

Q. You were aware of that then?

A. Yes.

Q. Do you understand that you have the right to have a hearing on that petition to revoke your probation?

A. Yes.

Q. And do you understand that at that hearing I assist you?

A. I guess.

Q. In presenting any evidence that you have, right? Do you understand that?

A. No.

Q. Now that it's been read to you, do you understand the allegation that has been made against you?

A. No."

We question the State's characterization of those remarks as a clear demonstration of the defendant's ability to understand.

Without proper admonitions there can be no effective waiver of counsel. The defendant did not knowingly, understandingly and effectively waive his right to counsel. The appellate court judgment reversing the order of the circuit court of Tazewell County that revoked the defendant's probation is affirmed. We remand for a new probation-revocation hearing.

*Affirmed and remanded.*