THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY D. CLARK, Defendant-Appellant.

Second District   Nos. 2—86—0684, 2—86—0738 cons.

Opinion filed July 9, 1987.

George Fischer, of Oregon, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, and Mark T. Schuster, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Gary D. Clark, appeals the order of the circuit court of Ogle County revoking his probation. He claims that his waiver of counsel at the probation revocation hearing was not voluntary because the court failed to properly admonish him as to the nature and purpose of the hearing and because defendant was under the mistaken impression that he could not be resentenced on the original offenses.

Defendant initially pleaded guilty to two separate offenses of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501) and was sentenced to concurrent one-year terms of pro-

bation. On March 20, 1986, the State's Attorney filed a petition to revoke probation, alleging that defendant failed to complete his public service work and alcohol counseling. At a hearing on April 4, 1986, defendant waived the right to counsel and admitted the violations. The court subsequently sentenced him to concurrent terms of 364 days' periodic imprisonment and fined him an additional $750 on the second DUI conviction. Defendant then retained an attorney and filed a motion to withdraw his admissions. This motion was denied, and defendant appeals.

On appeal defendant claims, essentially, that he did not appreciate the importance of the probation revocation proceeding. Since he had committed no new crime, he did not think he could be resentenced on the underlying offenses and believed that he would receive only a light sentence for violating the conditions of probation. This impression had been reinforced by his boss, Keith Simmons, who advised defendant to plead guilty. Thus, defendant argues that he made his decision to waive counsel at the revocation hearing based on a mistake of law, and that the trial court's admonitions were legally insufficient to apprise him of the nature and purpose of the proceedings. If counsel had been present, defendant claims he might have been able to present certain mitigating evidence which was available.

■■ A defendant has the right to counsel at a probation revocation hearing. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(c).) The defendant can waive this right, but such waiver must be knowingly and understandingly made. (*People v. Voight* (1977), 52 Ill. App. 3d 832, 836, 368 N.E.2d 165.) A defendant at a probation revocation hearing is entitled to some due process protections, but since such a defendant already stands convicted of the underlying offense, only "minimum" due process protections are required. (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 36 L. Ed. 2d 656, 661-62, 93 S. Ct. 1756, 1759-60; *People v. Beard* (1974), 59 Ill. 2d 220, 225, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999.) Accordingly, the supreme court has held that explicit admonishment in conformity with Supreme Court Rule 401(a) (103 Ill. 2d R. 401(a)) in probation revocation proceedings is not required. (*People v. Barker* (1975), 62 Ill. 2d 57, 59, 338 N.E.2d 385.) The *Barker* court set up guidelines for admonishing a probation revocation defendant who has expressed a desire to proceed without counsel:

> "The circuit court should not permit the offender to waive counsel unless it determines, by addressing him in open court, that the offender understands: (1) the purpose of the revocation proceeding and the nature of the violation of the condition of

probation upon which it is based; (2) that he has the right of confrontation, cross-examination and representation by counsel and that if he is indigent he has the right to appointed counsel; (3) the minimum and maximum sentence which may be imposed if the probation is revoked." 62 Ill. 2d 57, 59, 338 N.E.2d 385.

Defendant argues that the admonishments given by the trial court do not comport with the requirements of *Barker*. Defendant's argument that the court explicitly mentioned only three of the seven "requirements" of *Barker* misses the mark. The supreme court in *Barker* rejected strict compliance with Rule 401(a). We do not think the court intended thereby to create a new set of magic words applicable only to probation revocation proceedings. Had it wanted to do so, it could simply have insisted on strict compliance with Rule 401. See *People v. Voight* (1977), 52 Ill. App. 3d 832, 838, 368 N.E.2d 165.

We think the admonishments given in the instant case adequately comply with *Barker*. At the beginning of the April 4 hearing, the following colloquy occurred:

"THE COURT: [Y]ou're on probation, Gary, for two separate drunk drivings. And let's see what the State's Attorney's petitions to revoke your probations is [*sic*] based on, that you failed to do your alcohol remedial program and failed to do your public service work in each case.

If this petition is granted and your probations are revoked, you'll receive up to a year in jail, fines of up to $1,000.00 or both in both cases. But you are entitled to a hearing at which they would have to prove these matters, you're entitled to be represented by an attorney. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: If you are indigent, and cannot afford an attorney, you may be entitled to have one provided by the court. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: What are you going to do about a lawyer?

DEFENDANT: No attorney, sir.

THE COURT: You don't want an attorney?

DEFENDANT: No.
 * * *

THE COURT: You understand that, if you're indigent and cannot afford an attorney, you may be entitled to have one provided by the court?

DEFENDANT: Yes.

THE COURT: You don't want that either?

DEFENDANT: No, sir.

THE COURT: You understand that, if these petitions are successful, you face a year in jail, fines of up to $1,000.00 or both on both charges?

DEFENDANT: Yes.

THE COURT: I'll accept your waivers of retained and appointed counsel. Do you wish to admit or deny that you willfully violated your probation?

DEFENDANT: I plead guilty.

THE COURT: You admit that you violated your probations?

DEFENDANT: Yes.

THE COURT: You know that you're probably going to jail for a long time?

DEFENDANT: Yes.

THE COURT: You understand that you are giving up your right to a hearing at which the State would have to prove that as to either or both of these matters, these drunk driving probations, that you willfully failed to do your public service work as directed by the probation office, that you failed to get your alcohol assessment as directed. Do you understand that you're giving up your right to a hearing?

DEFENDANT: Yes.

THE COURT: And that's what you wish to do?

DEFENDANT: Yes.

THE COURT: Have any promises or representations been made to you by anyone which is [*sic*] affecting your decision?

DEFENDANT: No."

■ The court informed defendant that it was a probation revocation proceeding, the maximum possible penalty, that he had the right to an attorney, and the right to have one appointed for him if he were indigent. Defendant indicated he understood. The court admonished defendant that he had the right to a hearing at which the State would be required to prove that defendant wilfully violated his probation. The court asked defendant if he understood that he would "probably be going to jail for a long time," and defendant indicated that he understood. A warning in that precise language of *Barker* could hardly have been more effective to apprise defendant of the seriousness of the proceedings and of the decision to waive counsel. In light of the "minimum" process due a probation revocation defendant, these warnings were sufficient to satisfy *Barker*.

The cases cited by defendant are distinguishable. In *People v. Baker* (1983), 94 Ill. 2d 129, 134, 445 N.E.2d 769, the court did not

admonish defendant as to the purpose of the hearing, the nature of the alleged violation, of his right to confront and cross-examine the State's witnesses, or the minimum and maximum sentences applicable. In *People v. Voight* (1977), 52 Ill. App. 3d 832, 836-37, 368 N.E.2d 165, the court failed to inform defendant of the nature of the charges or the potential penalty if found guilty. Furthermore, defendant never explicitly rejected counsel, but purportedly was attempting to hire an attorney. (52 Ill. App. 3d 832, 837, 368 N.E.2d 165.) Defendant here explicitly rejected the offer of appointed counsel.

■ In addition, the admonitions given by the trial court were sufficient to assure that defendant's admission of the charges against him was voluntary. Supreme Court Rule 402 (87 Ill. 2d R. 402), regarding pleas of guilty, is not strictly applicable to probation revocation proceedings. *People v. Beard* (1974), 59 Ill. 2d 220, 226-27, 319 N.E.2d 745; *People v. Brown* (1975), 29 Ill. App. 3d 406, 331 N.E.2d 614 (abstract).

The court admonished defendant of the nature of the charges against him and inquired into their factual basis. This was sufficient to satisfy the relaxed due process standard of *Gagnon*.

■ ■ Finally, defendant argues that his decision to waive counsel and admit the charges was involuntary because he did not appreciate the gravity of the proceedings. This was because he had committed no crime and did not think he could be resentenced for the original offenses. Generally, withdrawal of a guilty plea will be permitted where it results from a misapprehension of law or fact in consequence of misrepresentations by defense counsel, the State's Attorney or someone else in authority. (*People v. Ryan* (1979), 74 Ill. App. 3d 886, 890, 392 N.E.2d 1380.) However, where defendant has been admonished thoroughly, a guilty plea is not revocable simply because defendant subjectively believed he would receive a certain sentence or would be treated a certain way, but this belief turned out to have been false. "This is especially true when there is no reasonable justification for the defendant's mistaken subjective impression." *People v. Turner* (1982), 111 Ill. App. 3d 358, 372, 443 N.E.2d 1167.

■ At the hearing on the motion to withdraw his admission, defendant testified that he did not feel he needed an attorney because he "had not committed any crime" and did not think he could be sent to jail for violating the conditions of probation. His boss, Keith Simmons, reinforced this belief, advising defendant to "just go up and plead guilty." Thus, defendant had no basis for the belief that he could not be sent to prison except for his own subjective impressions and the advice of his boss. The admonitions of the court, discussed

previously, directly contradicted this belief. Defendant may not withdraw his admission simply because he chose to accept the advice of Simmons, a layman, and ignore the explicit warnings given by the trial court. Clearly, the only information defendant received from someone in authority was the court's admonitions, which clearly established the serious nature of the proceedings.

For the foregoing reasons, defendant is not entitled to withdraw his admissions to the allegations of the petition to revoke. The order of the circuit court revoking defendant's probation is affirmed.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.