THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee v.
JEANNA K. REED, Defendant-Appellant.

Third District   Nos. 3—86—0360, 3—86—0375, 3—86—0383,
3—86—0384 cons.

Opinion filed September 23, 1987.

Catherine E. Churm, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Jeanna K. Reed, was convicted of four offenses: (1) driving under the influence of intoxicating liquors (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(A)); (2) driving without lights when required (Ill. Rev. Stat. 1985, ch. 95½, par. 12—201(b)); (3) battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—3); and (4) unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704). The defendant represented herself during a jury trial and was sentenced to serve two six-month terms of imprisonment for the driving under the influence and battery convictions and a 10-day term of imprisonment for unlawful possession of cannabis. All of the jail sentences were ordered to run concurrently. In addition, she was also ordered to pay a $10 fine for driving without headlights.

The defendant argues in this appeal that her decision to proceed *pro se* at trial did not constitute a knowing, voluntary, and intelligent waiver of her sixth amendment right to counsel because the trial court failed to comply with Supreme Court Rule 401(a) (103 Ill. 2d R. 401(a)). The defendant also argues that the imposition of a $73 fine under the Violent Crime Victim's Assistance Act was erroneous because the trial court did not impose that fine.

The record reveals that the defendant was originally represented by Michael Albert, a public defender. The defendant became dissatisfied with his performance and, as a result, another public defender was appointed to represent the defendant. Subsequently, the defendant became dissatisfied with his performance as well, and the defendant then obtained the services of a private attorney, who entered his appearance on behalf of defendant on April 8, 1986.

On May 20, 1986, just before the jury trial was to begin, defense counsel informed the judge that the defendant indicated a desire to proceed *pro se*. The trial court told her that this was not a smart decision and that there was a strong possibility that she would be found guilty. After the court informed her that she had a right to an

attorney, the defendant requested a continuance in order to secure the services of another private attorney. The court voiced its concerns over the delay involved, the inconvenience to the State's witnesses, and the added cost of bringing in another jury as factors to be considered. The court then ordered a five-minute recess in order to allow the defendant to decide what she wanted to do.

After the recess, defendant informed the court that she wanted to fire her attorney, and she requested more time to seek other counsel. The court characterized her request for additional time as a motion for a continuance and denied the motion. After explaining to defendant the consequences of her action, the court discharged her private attorney and proceeded with jury selection.

Upon completion of jury selection, defendant stated that she strongly objected to the trial because she was not represented by counsel of her choice. The defendant stated that she was totally unprepared to defend herself and asked the trial judge if he was going to deny her right to defend herself. The trial judge responded that he was not denying her right to defend herself and that she would be allowed to make an opening statement, to cross-examine witnesses, to testify in her own behalf, and to make a final argument. The defendant then stated that she would remain mute throughout the trial.

The State proceeded to argue its case, calling several police officers to testify in support thereof. The defendant presented no evidence on her own behalf and declined to cross-examine any of the witnesses. After the State and the defendant waived closing arguments, the defendant once again objected to the proceedings.

The defendant argues that she was denied her sixth amendment right to counsel because the trial judge failed to comply with Supreme Court Rule 401(a) (103 Ill. 2d R. 401(a)). The State argues that the issue presented by the facts of this case is simply whether the trial judge correctly denied defendant's motion for a continuance to obtain new counsel. The State contends that Rule 401(a) does not apply here because the defendant clearly and repeatedly declined to undertake her own representation and she did not express a desire to waive counsel.

■ In order for there to be a voluntary and intelligent waiver of the sixth amendment right to counsel a trial court must comply with Supreme Court Rule 401(a). (*People v. Baker* (1983), 94 Ill. 2d 129, 445 N.E.2d 769.) Rule 401(a) requires that before permitting a waiver of counsel by a person accused of an offense punishable by imprisonment, the court must inform the defendant of and determine

that he understands: (1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and (3) that he has the right to counsel and, if indigent, to have counsel appointed for him by the court. 103 Ill. 2d R. 401(a).

There has been a split of authority in the appellate courts as to whether Supreme Court Rule 401(a) requires "strict" or "substantial" compliance. (See *People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374.) Some appellate courts, including this court, have held that "substantial compliance" with Supreme Court Rule 401(a) is sufficient. (*People v. Black* (1979), 68 Ill. App. 3d 309, 385 N.E.2d 899; *People v. Jackson* (1978), 59 Ill. App. 3d 1004, 376 N.E.2d 685; *People v. Varnold* (1977), 45 Ill. App. 3d 724, 359 N.E.2d 1135; *People v. Smith* (1975), 33 Ill. App. 3d 725, 338 N.E.2d 207.) However, as this court stated in *People v. Shaw* (1980), 89 Ill. App. 3d 69, 72, 411 N.E.2d 143, a reading of these cases reveals that the meaning of "substantial compliance" is quite narrow. In each of these cases the defendant was not prejudiced by the failure to give the complete Rule 401(a) admonitions because the defendant was either aware of the information sought to be conveyed by the rule or the defendant possessed a degree of legal sophistication such that he was aware, at least in a general way, of the admonitions which the trial court failed to give.

The court in *People v. Montoya* (1981), 94 Ill. App. 3d 6, 418 N.E.2d 84, noted that the different results reached in these cases were due to differences in the factual background and circumstances surrounding the defendants' waiver of counsel rather than to different theories concerning literal versus substantial compliance. Thus, the proper rule is that strict compliance with Rule 401(a) is required unless the defendant appears to have a high level of legal sophistication or the record is clear that the defendant is aware of the information to be sought by the rule. See *People v. Roofener* (1981), 95 Ill. App. 3d 342, 420 N.E.2d 189.

The record reveals that the trial court did not sufficiently advise the defendant of the nature of the three relevant offenses she was charged with which were punishable by a term of imprisonment. Although the trial court did comment on the driving under the influence charge, "the State is only required to prove two things, driving and breath test," these cursory comments were not sufficient to fully inform the defendant of the nature of that offense. Further, the court did not even attempt to inform the defendant about the nature

of the two other offenses at issue, battery and unlawful possession of cannabis.

The court also failed to advise the defendant of the possible maximum and minimum sentences which the defendant faced if she was convicted. Although the judge did inform the defendant that she could avoid consecutive sentences by having the same judge make one disposition of the instant charges and another charge which was pending against the defendant, the court failed to mention the amount of time the defendant would have to serve if consecutive sentences were imposed. In addition, there is no evidence that the defendant was legally sophisticated or was aware of the information sought to be conveyed by Rule 401(a). Therefore, we find that the trial court clearly erred by failing to comply with Supreme Court Rule 401(a).

The State cites *People v. Myles* (1981), 86 Ill. 2d 260, 427 N.E.2d 59, in support of their argument that the Rule 401(a) admonition issue is not presented by the facts of this case. The State argues that Rule 401(a) was never intended to apply to a situation in which the defendant clearly and repeatedly declines to undertake his own representation or who does not express a desire to waive counsel.

In *Myles,* defense counsel requested permission to withdraw as defendant's attorney because the defendant no longer desired his services. The court allowed the attorney to resign after the public defender was appointed to represent the defendant. On the day the trial was to begin the defendant stated that he did not have a lawyer, that he could not proceed *pro se,* and that he did not desire the services of a public defender. The public defenders requested permission to withdraw, which was denied, and the case proceeded to trial. The public defenders remained in the courtroom but did not actively participate in the trial after the defendant instructed them not to act on his behalf. However, the public defenders did advise the defendant several times during the course of the trial. The defendant participated minimally in the trial by eliciting testimony from several witnesses, cross-examining several witnesses, and by making a closing argument.

On appeal, the supreme court held that Rule 401(a) was inapplicable because the defendant clearly and repeatedly declined to undertake his own representation. In reaching this decision the supreme court noted that "the right to counsel of a defendant's own choosing may not be employed as a weapon to indefinitely thwart the administration of justice or to otherwise embarrass the effective prosecution of a crime." 86 Ill. 2d 260, 268, 427 N.E.2d 59, 63.

The supreme court in *People v. Baker* (1983), 94 Ill. 2d 129, 445 N.E.2d 769, however, distinguished *Myles* and rejected the State's argument there that Rule 401(a) admonishments were unnecessary. In *Baker*, a public defender was appointed to represent the defendant at a hearing on a petition to revoke his probation. Prior to the hearing, the defendant requested that the public defender be discharged and that a continuance be granted to allow him time to retain other counsel. Before discharging the public defender and denying the motion for a continuance the trial judge explained to the defendant that he would be, in effect, representing himself. On appeal, the *Baker* court found that the defendant had not been properly admonished as required by Rule 401(a). The *Baker* court stated:

> "The State has misread *Myles*; the circumstances of *Myles* are not at all analogous to the situation here. Admonitions were not necessary in *Myles* because the defendant continued to be represented by counsel." (94 Ill. 2d 129, 135, 445 N.E.2d 769, 772.)

When a defendant renounces counsel and elects to stand alone but then proceeds to trial with the "technical assistance" of counsel, there is no waiver of counsel and Rule 401(a) admonishments need not be given. *People v. Smith* (1985), 133 Ill. App. 3d 574, 479 N.E.2d 24.

In the instant case, the defendant discharged her attorney and requested that she be granted more time to seek other counsel. When her motion for a continuance was denied she declined to undertake her own representation and continued to insist on being represented by counsel of her choice. The defendant proceeded to trial without the "actual" or "technical" assistance of counsel because her attorney left the courtroom after he was discharged. Therefore, *Myles* is not controlling here because defendant's attorney did not remain in the courtroom to advise her during the trial.

The fact that the defendant indicated that she did not wish to proceed *pro se* and, in fact, did not participate in the trial is irrelevant. The practical effect of the trial court's refusal to grant defendant's request for a continuance was that she was forced to proceed with the trial without counsel and therefore she did waive her right to counsel. (*People v. Kosyla* (1986), 143 Ill. App. 3d 937, 494 N.E.2d 945.) We hold that even in a situation such as this where the defendant indicated that she does not wish to waive counsel and did not attempt to represent herself at trial, Rule 401(a) admonitions must be given in order for there to be a knowing and intelligent waiver of counsel. Clearly, Rule 401(a) admonitions should have been given by

the trial court in the case at bar and the failure to do so constitutes reversible error.

A careful examination of the record in this case indicates that the convictions for driving under the influence of intoxicating liquors, battery, and unlawful possession of cannabis were supported by the manifest weight of the evidence. Therefore, there is no bar to reprosecution, as provided by the Illinois Criminal Code, section 3—4(d)(2). Accordingly, it is appropriate that these convictions be reversed and remanded for a new trial in accordance with this opinion. *People v. Trolia* (1982), 107 Ill. App. 3d 487, 437 N.E.2d 804, *cert. denied* (1983), 460 U.S. 1044, 75 L. Ed. 2d 798, 103 S. Ct. 1442.

■ The defendant also argues that the imposition of a $73 fine by the circuit clerk of Whiteside County under the Violent Crime Victim's Assistance Act was erroneous because it was not imposed by the court. (Ill. Rev. Stat. 1985, ch. 70, par. 510(b).) The State agrees with the defendant's argument and a review of the record reveals that the trial judge did not impose a fine under the Crime Victim's Assistance Act. A clerk of the court possesses no judicial powers and therefore cannot impose an unassessed fine as a miscellaneous cost. (See *People v. Tarbill* (1986), 142 Ill. App. 3d 1060, 492 N.E.2d 942.) Thus, the $73 fine is vacated and the $73 withheld from the defendant's bail deposit should be returned to her.

For the foregoing reasons the convictions for (case No. 85—TR—3501) driving under the influence of intoxicating liquors, (case No. 85—CM—398) battery, and (case No. 85—CM—394) unlawful possession of cannabis are reversed and remanded. The conviction for (case No. 85—CM—394) driving without lights when required is affirmed and the $73 fine imposed by the circuit clerk of Whiteside County is vacated.

Affirmed in part, reversed and remanded in part, and vacated in part.

SCOTT, P.J., and BARRY, J., concur.